IRA CHAMBERS, plaintiff in error, *vs.* REUBEN MAYO, sheriff, defendant in error.

There was no abuse of the discretion of the court, under the evidence contained in the record, in refusing to grant the rule absolute against the sheriff.

Rule against officer.   Sheriff.   Before Judge HERSCHEL V. JOHNSON.   Washington Superior Court.   October Term, 1873.

This case arose upon a rule against Mayo, the sheriff of Washington county, requiring him to show cause why he should not pay over the amount due on an execution in favor of Chambers against John F. Mills, placed in his hands for collection.

The sheriff showed for cause, as follows:

1st. That he levied the aforesaid execution, but was notified by the United States marshal for the state of Georgia that a bill to enjoin said sale had been filed, and that respondent was required to show cause why the injunction should not be granted as prayed for; that this proceeding was based on the bankruptcy of Mills; that upon being served with a subpœna, he consulted E. S. Langmade, Esq., an attorney at law, who advised him not to sell, stating that as Mills had gone into bankruptcy, the sale, if made, would be void.

2d. That on the day aforesaid he was served with an affidavit of illegality to the following effect:

1st. Because no notice of said levy was served on the defendant, Mills, the tenant in possession of the land levied on.

2d. Because said levy was advertised in the Sandersville Herald, a paper unauthorized by law to publish the sales of property for Washington county, and not advertised in any of the public places of the county, as required by law.

3d. Because said land is exempt from levy and sale, under the state laws and bankrupt laws of the United States, as the homestead of the defendant, he having filed his petition to be adjudged a bankrupt.

The evidence showed that the aforesaid execution was levied on property of the defendant, which was advertised to be sold on June 3d, 1873; that the defendant filed his petition to be declared a bankrupt on the second day of the same month, and the subpœna to the aforesaid bill was dated on the sixth; that the affidavit of illegality was filed on the day of sale.

All of this evidence was objected to by the plaintiff. The objection was overruled and the rule discharged. To all of which the plaintiff excepted.

GILMORE & JORDAN, by PEEPLES & HOWELL, for plaintiff in error.

No appearance for defendant.

TRIPPE, Judge.

The grounds taken in the affidavit of illegality would not, *per se,* relieve the sheriff from liability on a rule. The two first only show, if true, his own default. Nor would his receiving the affidavit, so far as it concerns the third ground, be sufficient, were there not other facts shown in his answer, and at the hearing of the rule: *Sharman vs. Lowe,* 40 *Georgia,* 257. The execution on which the rule is founded has on the back of it, at the usual place of indorsing, the names of plaintiff's attorney, that of Mr. Langmade. There is also on the *fi. fa.* an affidavit made just before the levy, and under which the levy was made, stating that the land levied on was subject to the judgment, although set apart as a homestead. This affidavit is signed by E. S. Langmade. The sheriff states in his answer, which is not contradicted, that being in doubt as to his duty, after the affidavit was filed with him, and notice given, that application had been made in the bankrupt court for an injunction, he applied to Mr. Langmade for advice, and was told by him, in substance, that he could not safely proceed. This, it would seem, was sufficient to protect the sheriff against a rule for receiving the affidavit, and certainly justified him on a charge of contempt of the process of the court.

It is true Mr. Langmade does not seem to have been of counsel in the proceedings on the rule, or to have acted any farther in the matter, so far as the record shows. But he must have been the attorney for plaintiff when the affidavit was filed under which the levy was made; and that was only some five weeks before the day on which the property was advertised for sale, and on which day the affidavit of illegality was lodged with the sheriff and notice given of application for injunction. It was on this state of facts that the sheriff took advice of counsel, as has been stated. Three days after the sheriff received the affidavit of illegality and the above notice, the subpœna in the petition for injunction was issued from the United States district court, and served on the sheriff ten days thereafter, and an injunction did, in fact, issue before the final hearing of the rule. Doubtless the court was satisfied from all this that the sheriff was not in contempt, and was not in collusion with the defendant, or in anywise seeking to aid him in postponing or avoiding the payment of the debt. These facts distinguish this case from those of *Neal vs. Price*, 11 *Georgia*, 297, and *Kemp vs. Williams*, 41 *Ibid.*, 213. We do not think there was any abuse of discretion by the court in refusing to make the rule absolute.

Judgment affirmed.