## MORGAN *vs.* SPRING, sheriff.

1. On a rule against a sheriff, one ground being that the sheriff failed to levy on certain cattle as directed by the plaintiff, where his untraversed answer set out that he had made search for the cattle in. his county, and could not find any such therein, although there were some such cattle in a neighboring county beyond his jurisdiction; that having failed to find any property, as a last resort, he levied on certain land pointed out by the defendant, such answer discharged him from contempt on that ground.

*70 *Ga.*, 271.

v 72-18

2. A sheriff cannot discharge himself from a rule against him for neglect of duty in levying on, but not selling, land pointed out by defendant in *fi. fa.*, by showing that he has accepted an affidavit of illegality based entirely upon his own neglect of duty.

(*a.*) If the sheriff and the defendant colluded, and thereby hurt the plaintiff, the sheriff is responsible to the extent of that hurt. The facts may be ascertained by an amended answer and traverse, if desired.

March 4, 1884.

Sheriffs. Negligence. Levy and Sale. Rule. Before Judge Bower. Worth Superior Court. October Term, 1883.

Reported in the decision.

H. Morgan, by W. E. Smith, for plaintiff in error.

W. A. Harris; D. H. Pope, for defendant.

Jackson, Chief Justice.

The question made by this record is, did the court err in discharging the rule against the sheriff?

The rule is based on two grounds, first, that the sheriff did not levy upon certain cattle, as directed by the plaintiff in error, and secondly, that he accepted an affidavit of illegality, and returned it to court after levying upon a tract of land pointed out by the defendant in execution.

1. In respect to the first ground, the answer of the sheriff, which was not traversed, alleges that he searched diligently for the cattle alluded to by the plaintiff, but could find none in the county of Worth; that there were some such cattle in the county of Colquitt, but beyond the jurisdiction of the sheriff of Worth, and they were therefore not levied on by him; and further, that he used every exertion to find other property, and being able to fine none, he went to defendant and requested him to point out property, who pointed out the land in question.

It appears from the rule *nisi*, that the " sheriff was in-

structed by plaintiff to levy on a stock of cattle belonging to the estate of S. G. Ford, deceased, in the hands of E. J. Ford, administrator, which said sheriff refused to do," but levied on a lot of land, "pointed out by the defendant." The answer of the sheriff is to the effect that he tried to find the cattle in the county, but could not, and tried to find other property, but could not, and as a last resort he levied on the land pointed out by the defendant. Taking this answer to be true, which the court should have done, it not being traversed, it will be seen that it swears off the alleged refusal to levy, and sets up the fact that no such cattle could be found in Worth county, and that he was diligent to find other property, but could not in that county. Of course he had no right to make a levy in Colquitt county. So there was no contempt, but diligence shown, and this ground of the rule is untenable.

2. But another ground is insisted upon, and that is, that the sheriff made himself liable because he did not sell the property pointed out, but received an affidavit of illegality grounded on his own default and wrong. If the sheriff has done this, it would look like collusion between the defendant in execution and himself, and he could not lawfully delay the plaintiff, with the process of the court in his hands, by any such wrongful act, without being in contempt of its process and authority, and without violating the obligations the law imposes on his high office.

The rule is clearly laid down in 51 *Ga.*, 610, and 57 *Id.*, 161, that he cannot thus trifle with the process of the court and receive an affidavit of illegality which his own wrongful official conduct enabled the defendant to interpose. So that the question is, does this affidavit of illegality rest solely on the sheriff's wrongful conduct?

That affidavit is in these words:

\* \* \* "That a certain *fi. fa.* issued from the superior court of Worth county, Georgia, and levied on a lot of land, No. 23, in the 16th district of said county, of Henry Morgan *vs.* Elzy J. Ford, as appears in the advertisement for sale of said lot of land, is proceeding illegally

on the following grounds: 1st. That the said Henry Morgan is not entitled, by judgment or otherwise, to an execution against deponent. 2d. That he is not entitled, by law or otherwise, to levy and sell the property of deponent as he has advertised the same. 3d. That if he has an execution against deponent as administrator on estate of G. G. Ford, he has no right under the same to levy, advertise and sell the property of deponent, as he has advertised the same. 4th. That the sheriff making the levy, has failed to give deponent the written notice required by the 3595 [see §3643] section of the Code within five days from said levy. 5th. That if he has an execution against deponent, the sheriff has no right to levy and sell the property of the estate of G. G. Ford, deceased, under the same, as he has advertised."

The uncontradicted answer of the sheriff is, that the first advertisement was wrong in not setting out therein the name of plaintiff, but other plaintiffs, by a mistake of the printer, not his own fault at all, but that he caused another advertisement to be made, at his own expense. It will be seen, however, that the affidavit of illegality rests on the second advertisement, under which he should have sold, but was arrested by the affidavit. Any error in that his answer does not explain, and if by reason of error of his own therein—by his own wrongful conduct—he put it in the power of defendant to stop the process of the court by affidavit of illegality, he becomes himself liable to rule under the decisions in the 51st and 57th *Ga.*, *supra*. All the grounds of the affidavit rest on the advertisement, except the first and fourth, in express language in each, and as the preamble to the whole affidavit uses the language, "as appears in the advertisement for sale of said lot of land, is proceeding illegally," etc., it would seem that the first ground, which is "that the said Henry Morgan is not entitled, by judgment or otherwise, to an execution against deponent," also rests on that advertisement, deponent swearing individually, and not in his representative character. It would seem that the advertisement was against him individually, and he meant that Morgan had no judgment against him individually as the sheriff had advertised the sale.

The fourth ground, of want of notice by the sheriff,

clearly sets up his own wrong, even if there was merit in it when defendant had pointed out the land himself, as the answer of the sheriff alleges. Section 3643 of the present Code.

Besides all this, the case from the papers looks much like collusion between the sheriff and defendant, and we think that the ends of justice demand a further and fuller investigation of it. Certainly the rule and answer and affidavit, without more, did not authorize a clean discharge of the sheriff from all liability thereunder. Let the court below read the affidavit, which is vague and uncertain, in the light of the advertisement alluded to therein. It cannot be the first advertisement, because the papers show that by the dates, and explain that as erroneous in setting out the wrong plaintiffs, whilst this illegality seems to attack it for some other reason not disclosed. If it should appear that the affidavit, when read in the light of the advertisement, which we cannot find in this record, rests alone on the errors and wrong of the sheriff, then he is liable, under 51 and 57 *Ga.*, for accepting this affidavit of illegality, under the rule for contempt, or if, by a traverse of his answer, plaintiff can make it appear that the sheriff and defendant colluded, and thereby hurt the plaintiff, the sheriff is responsible to the extent of that hurt. Let the truth be ascertained by amended answer, traverse thereof, if desired, and the rule decided under the principles of law above declared.

Judgment reversed.