BALLEW *v.* THE STATE OF GEORGIA.

Under the act of October 16, 1885, (acts 1884–5, p. 59–60) it is immaterial whether the persons residing nearest where the liquor is to be sold, and who are to give their written consent to the grant of

the license, reside in a different county from that of the applicant's residence, or whether they reside in an incorporated town or city. The words in the act providing that it shall not apply to incorporated towns or cities, mean merely that it does not apply to them so far as relates to the granting of licenses, where they are by law authorized to grant them.

SIMMONS, J., not presiding, because of sickness.

December 13, 1889.

License. Liquor. Statutes. Criminal law. Before Judge MILNER. Gordon superior court. February term, 1889.

Reported in the decision.

W. R. RANKIN, for plaintiff in error.

A. W. FITE, solicitor-general, for the State.

BLANDFORD, Justice.

Ballew was indicted and found guilty of retailing spirituous liquors without license. He applied to the county commissioners and obtained a license to sell liquor in quantities not less than one quart. In his petition for license he showed that he had upon the same ten of the nearest *bona fide* residents, five of whom were freeholders nearest to the place of business where the spirituous liquors were to be sold, which place of business was near the corporate line of the town of Calhoun, in the county of Gordon. Some of these persons, it appeared, were residents of the town of Calhoun, which was an incorporated town.

The court below held that his license thus obtained was void under the act of October 16th, 1885, it being an act to change the manner of granting licenses for the sale of spirituous liquors, as contained in §1419 of the code of Georgia, as amended by the act of December 22d, 1884. Acts of 1884–5, p. 59–60. This act provides, in substance, that the applicant for license shall present to the ordinary or commissioners of the county, before obtaining license to retail spirituous

liquors or sell the same in any quantities less than one gallon, the written consent of the nearest *bona fide* residents, five of whom shall be freeholders owning land, irrespective of county lines, nearest the place of business where such spirituous liquors are to be sold; provided that the act shall not apply to incorporated towns or cities.

We are of the opinion that, under this act, the persons residing nearest the place where the liquor is to be sold are the persons who are to give their consent in writing to the license being granted; and it makes no difference whether these persons reside in a different county from that of the applicant's residence, or whether they reside within an incorporated town or city. The object of the act seems to us to be that the persons residing nearest the place of business of the applicant must give their consent, and it matters not where they may reside, whether in a different county, or in a town, village or city, incorporated or not. Those individuals residing nearest to the place of business of the applicant, it would seem, were to be affected more by the sale of liquor than any other persons; and so it appears that the legislature thought when it provided in the act that it made no difference in what county these persons to be affected might reside. The words in the statute provide that the act shall not apply to incorporated towns or cities, which means merely that it does not apply to them so far as relates to the granting of licenses, where they by law are authorized to grant licenses.

We think, therefore, that the court in his instructions to the jury erred in holding that the license was void. We therefore direct that the court below grant a new trial in this case.        *Judgment reversed.*