## PHELAN v. VESTNER.

The petition set forth a cause of action, and was not subject to the objections set up in any of the demurrers.

Argued May 26,—Decided July 5, 1906.

Complaint. Before Judge Pendleton. Fulton superior court. October 9, 1905.

George J. Vestner brought suit against S. H. Phelan, and alleged: "That S. H. Phelan of said county is in possession of the following personalty, to wit: 1st, One share of stock in the New Orleans Cotton Exchange, said share being the same transferred in blank on the back thereof by said Phelan and placed by the said Phelan in the possession of Murphey and Company, and by Murphey and Company placed in possession of A. B. Baxter and Company, and by A. B. Baxter and Company placed in the possession of this petitioner, it being the same share of stock put in the possession of said S. H. Phelan by your petitioner on February 15, 1904. Also, a certain certificate of membership in the New Orleans Cotton Exchange, formerly in the name of S. H. Phelan, and thereafter transferred by him to Murphey and Company, and by Murphey and Company transferred to A. B. Baxter and Company, and by A. B. Baxter and Company transferred to this petitioner, it being the same certificate of membership placed in the possession of S. H. Phelan by your petitioner on February 15, 1904. (2) Said personalty above described is the property of your petitioner. (3) The value of the share of stock aforesaid is five thousand dollars, and the value of said certificate of membership is also five thousand dollars." (4) Said S. H. Phelan refuses to deliver said share of stock and said certificate of membership to your petitioner or to pay him the profits thereof." The petition concluded with a prayer for process. The defendant filed demurrers both general and special. The plaintiff amended his petition by striking the allegations that it was the share of stock and certificate of membership "put into possession of S. H. Phelan by your petitioner on February 15, 1904," and inserting in lieu thereof it was the same share of stock and same certificate of membership "unlawfully taken from the possession of your petitioner by S. H. Phelan on February 15, 1904." The amendment also alleged a demand by petitioner for the certificate of membership and share of stock. The amendment

was allowed, the demurrers were overruled, and the defendant excepted.

*Burton Smith,* for plaintiff in error. *Rosser & Brandon,* contra.

COBB, P. J. (After stating the foregoing facts.) It is first necessary to determine whether the petition as originally filed set forth a cause of action. The petition comprises the following elements in its allegations: possession of the property by the defendant, ownership by the plaintiff, value and identification of the property, refusal to deliver the same by defendant. If the petition is looked at without regard to common-law forms of actions, it undoubtedly sets forth a cause of action. In a very similar petition in *McNorrill* v. *Daniel,* 121 *Ga.* 79, this court declared: "If the plaintiff is the owner of the property referred to in the petition and the defendant is wrongfully in possession thereof, the plaintiff is entitled to recover damages for a refusal to deliver possession to him. . . The law requires the plaintiff to set forth his cause of action plainly, fully, and distinctly, and subjected to this test the petition is sufficient; for it shows a right in the plaintiff and a wrong by the defendant, and this is sufficient to authorize a recovery."

It is contended by the plaintiff in error that the petition showed no title in the petitioner, particularly with regard to the share of stock; that the allegations which attempted to trace the title into the petitioner by the transfer in blank of the stock certificate also traced the title out of petitioner by the concluding sentence: "it being the same share of stock put in possession of said S. H. Phelan by your petitioner on February 15, 1904." We do not think it is a proper construction of the first paragraph of the petition to say that it is an attempt to show title in petitioner. It is an identification of the property sued for by a description of transactions of which it was the subject-matter, a method of description chosen perhaps because a stock certificate has little identity outside its number, which may not have been known. If this paragraph is taken as the averment of title in the petitioner, it would, as plaintiff in error contends, show title out of, after showing title in, the petitioner. But the second paragraph of the petition distinctly alleges that "said personalty above described is the property of your petitioner."

If the petition be looked upon as an action of trover it still measures up to the test of sufficiency. In *Mitchell* v. *Ga. & Ala. Ry.,*

111 *Ga.* 762, it was said: "We think it perhaps more accurate to say that our action of trover may be employed in any case in which replevin, detinue, or trover could be used at common law. . . The action of detinue was used to recover goods wrongfully detained though lawfully taken. In order to maintain this form of action it must have appeared (1) that the defendant came lawfully into possession, (2) 'that the plaintiff have a property,' (3) that the goods were of some value, and (4) that they were capable of identification." Applying this rule, it will be seen that the original petition might have been good as a common-law action of detinue. The amendment to the petition, which set up that the property was unlawfully taken by the defendant, would have changed the common-law form of action, but under our system the action was still one of trover, and no new cause of action was introduced.

We are of the opinion that the petition was good as against the special demurrers. The property was identified, and the defendant was put on notice of what property he was charged with having wrongfully taken, detained, or converted. The transfers of the stock and certificate, as has been said, were alleged for the purposes of description. The allegations of the petition were sufficient to identify the property sued for with reasonable certainty. The complaint of the defendant that these details of description ought to be further multiplied, is not well founded. We think the petition puts the defendant sufficiently on notice of what he is called upon to answer, and this is all that is required under the law of pleading in this State.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*