*Hendricks & Christian,* contra.

---

### 1734.   EDWARDS, sheriff, *v.* HARRIS.

Where, upon a rule against a sheriff, he files an answer, and no traverse is filed, the statements of fact contained in the answer are conclusive as to the truth of the case, and no evidence can be considered, either to add to or subtract from them.

Rule; from city court of Reidsville—Judge Morgan.   December 9, 1908.

Submitted April 15,—Decided December 24, 1909.

*E. C. Collins, H. H. Elders,* for plaintiff in error.

*Isaiah Beasley, Hines & Jordan,* contra.

RUSSELL, J.   Milton Harris brought a rule against Willis Edwards, sheriff, alleging, that he obtained a judgment on March 7, 1906, in the city court of Reidsville, against Josiah Collins and Missouri Collins; that the execution was immediately put in the hands of the sheriff, and had been in his hands a sufficient time for him to have made the money, but that he had not done so.   The sheriff filed an answer, in which he said, that he promptly levied the fi. fa. in question upon the property of the defendant, Missouri Collins, and that she filed an illegality thereto, on the ground that the judgment was based on a bond signed by her as security for her husband, and she had no interest in the same except as security; and that this

illegality had been sustained. In his answer the sheriff further averred, that the other defendant, Josiah Collins, was insolvent and had no property upon which the fi. fa. could be levied. There was no traverse of the sheriff's answer, and yet the judge made the rule absolute, and entered judgment thereon against the sheriff, for the principal amount of the fi. fa. and 20 per cent. per annum as interest thereon, with a proviso that upon the sheriff's failure to pay these sums instanter, he should be adjudged in contempt, under the provisions of §4778 of the Civil Code.

We think the judge erred in making the rule absolute against the sheriff; and the judgment rendered must necessarily be set aside, We do not know that the judgment is not proper under the facts of the case as they really exist, but it is very plainly erroneous so far as appears from the record, which must control us. As was ruled in *Reid Phosphate Co.* v. *Weichselbaum Co.*, 1 *Ga. App.* 420 (58 S. E. 122), and the authorities therein cited, the answer of the sheriff to a rule against him is to be accepted as a true statement of all the facts therein contained, unless it is traversed; and in the absence of a traverse to the sheriff's answer, no testimony can be adduced. This ruling rests upon sound reason. Certainly, under the statement contained in the sheriff's answer in this case (one of the defendants being insolvent, and the illegality filed by the other having been sustained), the sheriff was not liable to rule. Apparently the judgment making the rule absolute was based upon the consideration that Edwards, the sheriff, had accepted the wife of the defendant in trover as security upon the bail-bond. No evidence could legally have been adduced in the court below unless the answer of the sheriff had been first traversed. No point can be made on the fact that the answer is not sworn to; because it is certified in the bill of exceptions that the plaintiff admitted the facts as set up by the answer, made no traverse thereto, and in open court waived the want of verification thereof. If a traverse had been filed, so that evidence in behalf of the plaintiff could legally have been considered, and it had appeared that Edwards accepted as security, upon the bail-trover bond, the wife of the defendant in trover, the rule could properly have been made absolute; but there is nothing upon which the court could have adjudged that Edwards was sheriff at the time that Collins' wife was accepted as security upon the bail-bond. This fact does not appear from his answer;

and the answer, being untraversed, is all that the court could consider. Under the rule laid down in *Wheeler* v. *Thomas, 57 Ga.* 161, and *Morgan* v. *Spring, 72 Ga.* 257, if it had appeared from the sheriff's answer that he was the sheriff who accepted the wife of the defendant in trover as his security upon the bail-bond, the court would have been authorized in rendering the judgment now before us; but the answer does not so state. It merely states that Missouri Collins filed an affidavit of illegality saying that upon the bond which she signed she was security for her husband. It does not appear, from the sheriff's answer, even that the bond given pertained to an action of trover. It is undoubtedly the duty of a sheriff, under the provisions of §4605 of the Civil Code, to take good security for the forthcoming of the property sought to be seized by trover, and failure of the sheriff to perform his duty in this regard, where bail process has been placed in his hands, renders him liable to be ruled for the money. *DeLongchamp* v. *Hicks, 25 Ga.* 200. But when the answer of the sheriff does not show these facts, and is not traversed, the additional facts necessary to establish his liability can not in any possible manner be interlined into his answer. In such a case his answer settles the case.

*Judgment reversed.*