DECIDED JANUARY 22, 1913.

---

### 4453.   ATLANTIC COAST LINE RAILROAD CO. v. McREE.

To make out a prima facie case, in an action for damages for conversion of personal property, the plaintiff must show title to the property, possession by the defendant, demand for possession, and refusal to surrender the property, or an actual conversion prior to the filing of the suit. In the present case the demurrer, based upon the insufficiency of the allegations to show these essential facts, should have been sustained.

DECIDED JANUARY 22, 1913.

Action for damages; from city court of Valdosta—O. M. Smith, judge pro hac vice.   September 16, 1912.

This was a suit against the Atlantic Coast Line Railroad Company, to recover the value of certain lumber, alleged to have been received for shipment by the railroad company, and not delivered, but converted by it. The petition, in substance, makes the following case: On October 1, 1907, petitioner delivered to the railroad company, at Kinderlou, Georgia, certain described lumber, consigned to Haskell & Barker Car Company, at Michigan City, Indiana. The railroad company carried the lumber away from Kinderlou, and "has never delivered same to Haskell & Barker

Car Co., but has appropriated same to its own use." The lumber was worth $422.37, and the railroad company, by reason of the facts stated in the petition, has damaged petitioners in this sum. Three amendments to this petition were filed. The first alleged generally that the defendant company "converted said lumber to its own use." The second alleged that "after defendant carried said lumber away from Kinderlou, as stated, it brought said lumber to Valdosta, Ga., and put same on its right of way in a remote place in the city of Valdosta;" and the third that "immediately after said lumber had been loaded on said cars at Kinderlou, Ga., and before same had been moved away by the defendant, plaintiffs received information from the said Haskell & Barker Car Company that said order had been turned down, and that they would not receive or take said lumber; that plaintiff immediately notified the agent of the defendant at Kinderlou that said order had been refused by the Haskell & Barker Car Company, and that same could not be shipped to them. Notwithstanding said notice, the defendant carried said lumber away from Kinderlou, without any instruction from the plaintiffs so to do, and have never paid plaintiffs for same." To the original petition, as well as to the amendments, there was a demurrer, on the ground that no cause of action was shown, because it was not alleged that any demand had been made on the railroad company for the lumber, and the facts did not show conversion by the railroad company. The demurrer was overruled, and the defendant excepted.

*E. K. Wilcox, Bennet & Branch,* for plaintiff in error.
*Whitaker & Dukes,* contra.

HILL, C. J. (After stating the foregoing facts.)

We think the demurrer should have been sustained. No demand is alleged in the petition, and the facts alleged do not show any conversion of the lumber by the railroad company. Having received the lumber lawfully, to be shipped to Indiana, the defendant, on countermand of the order by the consignee, was not only entitled to be notified of that fact, with direction not to transport it to Indiana, but was also entitled to direction as to what to do with the lumber, which was lawfully in its possession. The general statement in the petition that the defendant converted the lumber to its own use is a mere conclusion of the pleader, and the facts alleged do not support the conclusion. So far as disclosed by the

petition, the lumber is now in the possession of the railroad company at its yard in Valdosta, subject to the demand of the plaintiff, and it does not appear that any demand was ever made on the defendant company for the lumber. It would be unreasonable to expect that the railroad company should have kept the lumber loaded on its cars indefinitely. If it had unloaded the lumber at Kinderlou, the place of delivery to it by the plaintiff, without any order from the plaintiff to that effect, and the lumber had been destroyed or stolen, the company would have been responsible for it. According to the petition, the lumber was loaded on the cars on October 1, 1907, and suit was not filed until February, 1908, and there is no allegation in the petition that between these two dates any demand was made on the railroad company for this lumber, or any direction given as to what to do with it. Certainly the fact that, in the absence of such instruction, the railroad company took the lumber to Valdosta and put it in its yard is not sufficient to prove a conversion. So far as appears, the railroad company may have put it there to keep it in a safe place, subject to the order of the plaintiff, and it may still be there, subject to his order. Therefore, whether the petition be treated as an action of trover or an action of trespass, or whatever character of suit it may be, it is defective, in that it fails to allege the necessary elements of a suit to recover possession of personal property, or the value thereof. The allegations do not show any conversion by the railroad company, any assertion of ownership over the personal property belonging to the plaintiff, or any act of dominion inconsistent with the right or claim of the plaintiff, or any unauthorized appropriation by the railroad company of the lumber. There is no allegation that the railroad company denied the right of the plaintiff to the lumber, or that it ever refused to deliver the lumber to the plaintiff on instruction of the plaintiff to deliver it, or that demand for delivery had ever been made upon it by the plaintiff. In the absence of allegations showing either a demand and a refusal to deliver, which would amount to a conversion, or other facts which were sufficient to show either an actual or at least a constructive conversion of the lumber by the railroad company, a prima facie case for recovery was not made, and, therefore, the demurrer should have been sustained. *Sou. Express Co.* v. *Sinclair,* 130 *Ga.* 372 (60 S. E. 849); *Phelan* v. *Vestner,* 125 *Ga.* 825 (54 S. E.

697) ; *Chambliss* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314) ; *Loveless* v. *Fowler,* 79 *Ga.* 134 (4 S. E. 103, 11 Am. St. R. 407). These are but a few of the many decisions of the Supreme Court which hold in effect that in an action for damages for conversion of personalty, proof of title in the plaintiff, possession in the defendant, demand for possession, and refusal by the defendant to surrender the property, or actual or constructive conversion, prior to the filing of the suit, are necessary, to make out a prima facie case for recovery. *Judgment reversed.*