5732.  STRICKLAND *v.* CITIZENS NATIONAL BANK OF ROCKMART.

1. Even if the petition was defective, no demurrer was filed; the defects were amendable, and therefore were cured by the judgment. Civil Code, § 5960; *Reeves* v. *Jackson,* 113 *Ga.* 182 (38 S. E. 314).

2. Where a promissory note contained an unconditional promise to pay the sum of $2,138.50 and interest at a specified time, followed by a provision that "this note is to be settled by the payment of $700 cash and the delivery of ten shares of stock in the Cosmopolitan Life Insurance Co. to I. F. Mundy, who is then to pay balance, provided said amount is paid promptly on maturity, otherwise full amount is due and payable," and, after maturity, suit was brought for the full amount of the note, the petition alleging that the note was past due and that the defendant failed and refused to pay it, the court, in the absence of a defense, was authorized to render judgment by default for the principal sum sued for and interest.

3. The plaintiff having voluntarily written off so much of the judgment as awarded attorney's fees, the judgment for the principal sum, with interest thereon, is affirmed.

DECIDED DECEMBER 22, 1914.

Complaint; from city court of Cartersville—Judge Foute. March 9, 1914.

*Finley & Henson,* for plaintiff in error.  *W. T. Townsend,* contra.

RUSSELL, C. J.  The plaintiff in error filed a direct bill of exceptions to a judgment by default upon a promissory note, for $2,138.50 principal, $99.75 interest, and $223.83 attorney's fees. A consideration of the exceptions to the inclusion of attorney's fees in the judgment is unnecessary, the plaintiff having voluntarily written off the amount of the attorney's fees; and the contention that there was no proper party plaintiff, for the reason that it does not appear whether the plaintiff is a corporation or a partnership, was abandoned in the brief. It is contended that the judgment was erroneous because there is no allegation in the petition that the defendants were indebted to the plaintiff in the amount of the judgment, and no allegation of indebtedness in any amount; and that the note is not such an unconditional contract in writing as would authorize the court to render a judgment by default.

1. When pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside (Civil Code, § 5959), but a judgment can not be set aside for any defect in the pleadings or record that may be aided by a verdict, or is amendable as a matter of form. Civil Code, § 5960. Not only did the de-

fendant in the present case fail to file an issuable defense, but there was no demurrer to the plaintiff's petition. The petition alleged the plaintiff to be a bona fide purchaser, before maturity, of a promissory note, signed by the defendant Strickland, dated March 18, 1912, and maturing March 18, 1913, with interest at 5 per cent., and that when this note matured the defendant renewed it by executing the note sued on, "for $2,138.50," a copy of which was attached as an exhibit. It may be that, for the reasons now urged by the plaintiff in error, the plaintiff could have been required to amend the petition, if an appropriate demurrer had been filed, but the petition is not so defective as not to be the basis of a legal judgment; for, from the allegations made, it is plainly to be inferred that the indebtedness claimed, if it existed, was due the petitioner, and that the amount due was $2,138.50, alleged to be the amount for which the former note was renewed, which was the amount of the note attached to the petition.

2. Exception is taken upon the ground that the note sued on was not an unconditional contract, but was expressly conditional, in that it contained the following provision: "This note is to be settled by the payment of $700 cash and the delivery of ten shares of stock in the Cosmopolitan Life Insurance Co. to I. F. Mundy, who is then to pay balance, provided said amount is paid promptly on maturity, otherwise full amount is due and payable." It is insisted that it was error for the court to render the judgment without a finding of fact by the court, or by the verdict of a jury, as to whether the conditions had been performed. Since this stipulation as to the manner in which the note may be settled indicates that it was inserted for the benefit of the maker of the note, and it provides that the payments to be made in such settlement shall be made "promptly on maturity, otherwise full amount is due and payable," and since the note was not sued on until some time after its maturity, it would seem to be plain (and may be conclusively presumed, in the absence of a plea setting up compliance with the conditional promise, or a tender to comply which was refused) that the conditional stipulation had been supplanted by the unconditional promise, and that the latter alone survived. Taking this view of the matter, the trial judge, of course, did not err in entering judgment upon the promise to pay the sum of money fixed in the unconditional promise.

30·

But we are not required to base our ruling upon this theory (though it appears to us to be supported by sound reason); for whether the apparent failure to perform the conditional promise, in the absence of any showing to the contrary, raises a conclusive presumption that the right to pay in something other than money, retained by the maker of the instrument, has been waived or abandoned, or whether such a presumption is not authorized, the holder of a note containing both a conditional and an unconditional promise to pay has the option to proceed upon the unconditional promise, should he so elect, without reference to the conditional promise. The holder of the note, after its maturity, may disregard entirely the conditional part and proceed upon the unconditional promise alone. This was settled by the ruling of the Supreme Court in *Mosely* v. *Walker,* 84 *Ga.* 274 (10 S. E. 623). In that case suit was brought on a note in which the Moselys promised to pay Walker by November 1, 1878, $600, for value received, and agreed that if it was not punctually paid at maturity, they should be recognized as the tenants of Walker, and thereby constituted him their landlord to collect from them 2,000 pounds of lint-cotton for rent. Judgment was rendered against the defendants, and they moved to set it aside upon the ground that, by the express terms of the contract, if the debt fell due and was not paid punctually at maturity, new conditions became a part of it,—that the defendants became the tenants of Walker, and he became their landlord to collect 2,000 pounds of lint-cotton for rent. They insisted that there should have been proof, and the verdict of a jury, as to whether the terms of this contract had been complied with or not, as it did not appear from the pleadings whether they had been complied with or not; and further, that there was no allegation in the pleadings that Walker did not assume the position of landlord, nor that the defendants did not recognize themselves as his tenants, as provided in the contract; and that there was no allegation that Walker, as landlord, did not collect the 2,000 pounds of cotton. Chief Justice Bleckley, rendering the decision, said: "No reasonable construction of the contract as a whole would justify us in supposing that the cotton was to be a substitute either for the principal or the interest, unless the payee or the bearer of the instrument should elect to so treat it. And bringing suit on the absolute promise was an election to the contrary of substitution. There was no option in

the writing which rendered the duty to pay contingent, or which could reduce the sum to be paid below that expressed. A conditional incident to failing to pay an absolute debt will not render the debt itself conditional. *Craig* v. *Herring,* 80 *Ga.* 709" (6 S. E. 283).

In the case at bar the holder of the note, after its maturity, had the right to exercise an election by asking judgment for the amount of the note. But, beyond that, the present case is much stronger than the *Mosely* case, supra, in that the note contains no condition that renders the duty to pay contingent, or tends to reduce the amount to be paid. There is no contingency under which the amount to be paid is to be less than $2,138.50. The part of the note which may be said to be conditional simply provides that when Strickland paid $700 and Mundy paid the balance, the obligation would be extinguished. So far as the holder of the note is concerned, there is but little difference in the part of the note which contains the unconditional promise and that part to which we may, perhaps loosely, refer as the conditional promise, for both provide that the bank shall be paid the sum 'stipulated in the note; and the statement that "upon the delivery of ten shares of stock in the Cosmopolitan Life Insurance Co. to Mundy," he should pay the balance of the note remaining after the payment of $700 by Strickland, can well be treated as a mere memorandum for the benefit of Strickland and Mundy, since the note itself provides that "the full amount is due and payable" unless Mundy pays the balance "promptly on maturity."

*Judgment affirmed. Broyles, J., not presiding.*