.16765.· HARRIS v. HINES, administrator.

STEPHENS, J.   1. Where a defendant in a bail and trover proceeding peti-
tions the court for a discharge, as provided in section 5154 of the Civil
Code (1910), and the respondent fails to file a written answer to the
petition, the respondent is not to be considered as in default, but may
appear and introduce evidence in rebuttal of that offered by the peti-
tioner.

2. In a trover suit the following description of the property sued for is
sufficient to identify the property:  "One-half peck of silver money in
10¢, 25¢, 50¢ and $1.00 denominations, and a large amount of paper
currency, lawful money of the United States of the denominations of
$1.00 and $5.00, all of which, both silver and currency, being contained
in a certain small sack of bedticking, being the same sack in which
Carter Cogman carried his money and in which he kept it; all of which
money, while contained in said sack, was delivered to the defendant
Luke Harris by Carter Cogman about four weeks before his death to
keep for him, the said Cogman, and which bag of money the said de-
fendant accepted from the said Carter Cogman to keep for him."  This
ruling is distinguishable from the rulings in *Harper* v. *Jeffers*, 139 *Ga.*
756 (78 S. E. 172), and *McElhannon* v. *Farmers Alliance Co.*, 95 *Ga.*
670, 674 (22 S. E. 686).  The petition for discharge, therefore, was not
subject to dismissal upon the ground of insufficiency of description in
the petition in the trover suit.

3. The nature of the original affidavit as the basis for bail, and not an
inaccurate copy of this affidavit served upon the defendant in trover,
should be looked to in determining the validity of the affidavit for bail.
The attestation of the original affidavit by "H. C. Walker, C. S. C.
Putnam County, Ga." purports to be an attestation by H. C. Walker,
clerk of the superior court of Putnam county, Georgia, an officer au-
thorized to attest affidavits.  The affidavit is therefore prima facie valid.

4. In a petition for discharge by the defendant in trover, who is under
arrest for failure to produce the property or to give bond therefor,
where in his petition for discharge he recites the institution of the
trover suit, the requirement as to bail, and his arrest and imprisonment
for failure to produce the property, it is immaterial that there nowhere
appears an entry by the sheriff of service upon the petitioner, as the
defendant in trover, of the petition and process in trover, or of the
application for bail, or other service.

5. Certain evidence as to declarations made by the intestate of the plaintiff
in trover, which were admitted in evidence over the objection of the
petitioner, was harmless to the petitioner where, in the written finding
and judgment of the court who acted as the trior of the facts, such
evidence was disregarded and not considered.

6. The evidence authorized the finding that the petitioner had in his cus-

---

·    Affidavits, 2 C. J. p. 366, n. 9.
Appeal and Error, 4 C. J. p. 649, n. 35; p. 1000, n. 23.
Arrest, 5 C. J. p. 476, n. 70 New; p. 514, n. 48; p. 520, n. 18 New;
p. 521, n. 34 New.
Replevin, 34 Cyc. p. 1472, n. 91.

tody or could produce the property sued for in trover, and the court did not err in remanding the petitioner to custody and refusing his discharge.

7. Since there was no error and the judgment should be affirmed, the motion of the defendant in error to dismiss the bill of exceptions, on the ground that by a subsequent release from custody of the petitioner this case has become moot, will not be passed upon.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MAY 14, 1926.

Trover; petition for discharge; from Putnam superior court—Judge Park. August 1, 1925.

*W. T. Davidson,* for plaintiff in error.

*Sibley & Sibley, Allen & Pottle,* and *M. F. Adams,* contra.