## 18201.　BROOKE *v.* FOUTS.

JENKINS, P. J. Fouts sued Brooke on a past due, unindorsed, and unconditional promissory note, attaching a copy to his petition and alleging that the defendant executed the note to him, and failed and refused to pay it. Verdict and judgment by default were rendered against the defendant, and at the same term he filed a motion to set the judgment aside, based upon the ground that the petition set forth no cause of action, in that it was not alleged that the defendant was indebted to the plaintiff on the note. *Held:*

1. A motion to set aside a judgment will lie for any defect not amendable which appears on the face of the record or pleadings (Civil Code of 1910, § 5957), but since a verdict cures any defect which might have been corrected by amendment, even though it could be assumed that the plaintiff could have been required to amend his petition so as to allege specifically and in terms that the defendant was indebted to him as the payee on the unconditional, unindorsed, and unpaid promise to pay, the petition did not fail to set forth a cause of action, it being the general rule that the payee of a note is presumed to continue in its ownership. *Hobbs* v. *Citizens Bank,* 32 *Ga. App.* 522 (4) (124 S. E. 72). See also *Strickland* v. *Citizens National Bank,* 15 *Ga. App.* 464 (83 S. E. 883).

Appeal and Error, 4 C. J. p. 649, n. 36.
Bills and Notes, 8 C. J. p. 879, n. 58; p. 1004, n. 89.
Judgments, 34 C. J. p. 293, n. 76, 77, 79.

2. There being no merit in the motion to set aside the judgment, it is unnecessary to pass upon any other question raised by the record.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1927.

Motion to set aside judgment; from Milton superior court—Judge Fortson presiding.  April 9, 1927.

*J. P. Brooke,* pro se.

*H. M. Broadwell, Mozley & Gann,* contra.