23707.   First Joint Stock Land Bank *v.* Pitts, sheriff, *et al.*

Sutton, J.   1. Under the provisions of section 5151 of the Civil Code of 1910, it is the duty of a sheriff to take good security for the forthcoming of the property sought to be seized by bail-trover, and failure of the sheriff to perform his duty in this regard, where bail process has been placed in his hands, renders him liable. *DeLongchamp* v. *Hicks*, 25 *Ga.* 200; *Edwards* v. *Harris*, 7 *Ga. App.* 207, 209 (66 S. E. 622); *Griner* v. *Smith*, 26 *Ga. App.* 319 (106 S. E. 20).

2. The petition failed to show that the alleged agent of the defendant bank was a general agent, or that he was a special agent with authority to bind the bank by statements that if the sheriff would accept him (the agent) on the replevy bond and turn the property over to the bank, the bank would save the sheriff harmless. The petition showed that Green was an agent of the bank, and that the sheriff had dealt with him as an agent of the bank. But, construing the allegations of the declaration most strongly against the sheriff, the declaration fails to show that Green had any power or authority to enter into a contract binding the defendant in the manner alleged in the declaration. The principal is not bound by the acts of the agent outside the scope of his authority. Civil Code (1910), § 3593.

3. However, the declaration alleges that when the replevy bond was made, the property was released to the defendant bank, that the bank assisted the defendant in the trover action in defending the case, and that the bank had converted the property levied on to its own use. In these circumstances the question of ratification by the principal of unauthorized acts of the agent by the acceptance of the fruits of the agent's conduct arises, and the declaration makes a case for submission to the

jury for this reason. *Penn Mutual Life Ins. Co.* v. *Blount*, 33 *Ga. App.* 642 (127 S. E. 892); *Render* v. *Jones Mercantile Co.*, 33 *Ga. App.* 394 (126 S. E. 159); *Thompson* v. *Neely*, 32 *Ga. App.* 131, 133 (123 S. E. 171); *Coursey* v. *Consolidated Naval Stores*, 22 *Ga. App.* 538 (96 S. E. 397); Civil Code (1910), § 3591.

4. The sheriff, being liable to the plaintiff in the trover action for his failure to take a good replevy bond, can maintain an action against the principal of the agent who committed a fraud upon him in procuring his acceptance of the replevy bond and in obtaining from him, to be turned over to his principal, the property seized in the trover action. The sheriff had an interest in the subject-matter of the present action, and it was the sheriff, as well as the plaintiff, who had been damaged by the acts of the defendant's agent. The action was not defective because it proceeded in the name of the sheriff for the use of the plaintiff in the trover case.

5. It follows that the court below did not err in overruling the general demurrer to the plaintiff's declaration in attachment.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., disqualified.*

DECIDED MARCH 19, 1934.

*C. L. Harris, J. W. Williams, Watts Powell,* for plaintiff in error.
*J. W. Dennard, Strozier & Gower,* contra.