30886. HARRIS *v.* BENNETT BROS.

DECIDED JUNE 21, 1945.

*R. A. Moore,* for plaintiff.

*Mingledorff & Roberts,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) The Code, § 110-702, provides: "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings," and § 110-704 is as follows: "If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside." But, "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." § 110-705.

The petition in the trover case set out a cause of action and

was sufficient to withstand the demurrer ore tenus or the oral motion to dismiss, which in effect amounted to a general demurrer. "A general demurrer should not prevail where any part of the petition is good." *Mayor &c. of Athens* v. *Smith,* 111 *Ga.* 870 (2) (36 S. E. 955); *Adkins* v. *Salmon,* 32 *Ga. App.* 459 (123 S. E. 730). Complaint is made in the motion to set aside that the bill of particulars, or exhibit A attached to the petition, is defective; that the merchandise sought to be recovered was not properly identified in subparagraph (b) of the petition as required by good pleading, and that the description of the cash in subparagraph (c) was too vague, indefinite, and uncertain upon which a legal judgment could be rendered, and insufficient legally to require the production by the defendant that might have been intended therein to be referred to. "A failure to attach a bill of particulars to a declaration can be cured by amendment, and is not good ground to set aside a judgment thereon." *Wilson* v. *Stricker,* 66 *Ga.* 575. "An irregularity in the summons or the bill of particulars attached thereto, which is not excepted to by the defendant is waived by him and cured by a judgment rendered on the merits of the case." *Artope* v. *Macon & Birmingham Ry. Co.,* 110 *Ga.* 346 (3) (35 S. E. 657). No special demurrer was filed to these subparagraphs of the petition just referred to. "Even if the petition was defective, no demurrer was filed; the defects were amendable, and therefore were cured by the judgment." *Strickland* v. *Citizens National Bank,* 15 *Ga. App.* 464 (83 S. E. 883); *Reeves* v. *Jackson,* 113 *Ga.* 182 (38 S. E. 314); *Sheffield* v. *Causey,* 12 *Ga. App.* 588 (73 S. E. 1077). Moreover, from the record it is impossible for this court to know whether such letter or memorandum was in evidence before the trial court to describe sufficiently the items complained of. The defendant made a motion for a new trial, and the question of the sufficiency of the evidence could have been raised and passed on, but the defendant abandoned his motion and the same was denied by the court. The legal presumption is that the evidence on the trial of the case sufficiently described the items of merchandise and cash, and, further, the cash was in possession of the defendant. See *Phelan* v. *Vestner,* 125 *Ga.* 825, 827 (54 S. E. 697).

On the question of demand not being alleged in the petition, the petition does state that "the defendant refuses to deliver the

above described property to your petitioner," and the presumption, therefore, is that demand had been made. "Where the defendant is in possession at the time suit is entered, proof of demand and refusal is necessary only to save the plaintiff the costs of court in case the defendant should disclaim title to the property." *Pearson* v. *Jones*, 18 *Ga. App.* 448 (4 a) (89 S. E. 536). The failure to allege a demand was also an amendable defect.

Grounds 6, 8, and 10 of the motion to set aside the judgment complain that paragraphs 2 and 3 of the judgment hereinbefore set out do not sufficiently describe the cash therein referred to, and do not follow the verdict, and that such a judgment could not be based on the verdict; that the court was without authority to declare title to said cash to be in the plaintiff, and to direct the sheriff to deliver said cash to the plaintiff. The cash here involved was described in the foregoing subparagraphs, and so far as the motion to set aside the verdict is concerned, was presumably described either by the letter or other evidence introduced upon the trial of the case. See *Harris* v. *Hines*, 35 *Ga. App.* 414 (2) (133 S. E. 294); *Crews* v. *Roberson*, 62 *Ga. App.* 855 (10 S. E. 2d, 114); *Carter* v. *Hornsby*, 68 *Ga. App.* 424 (23 S. E. 2d, 95). Attached to the verdict rendered by the jury was an itemized list of various articles of merchandise checked short, and identified as exhibit A, of the value of $279.90. No mention was made of cash in exhibit A of the verdict, the items checked short being contained in that exhibit. Therefore, by the terms of the verdict, the "said cash" was not excluded, but was included in the recovery. The plaintiff in the petition alleged title to the various items of personal property, including said cash, and sought recovery therefor; and the jury found in its favor. Therefore, the court had authority to declare in the judgment that the title to and right of possession of said cash had been established in the plaintiff, and to direct the sheriff to deliver said cash to the plaintiff. "Under the provisions of section 5151 of the civil code of 1910 [Code of 1933, § 107-202], it is the duty of a sheriff to take good security for the forthcoming of the property sought to be seized by bail-trover, and the failure of the sheriff to perform his duty in this regard, where bail process has been placed in his hands, renders him liable." *First Joint Stock Land Bank* v. *Pitts*, 48 *Ga. App.* 805 (173 S. E. 732). "A failure on the part of the officer to seize the property, or, if it

can not be found, to arrest the defendant, is a breach of his official duty, for which he would be liable to the plaintiff for any resulting damage." *Little* v. *Lawrence,* 56 *Ga. App.* 524, 526 (193 S. E. 181), and cit.

Ground 11 of the motion to set aside the judgment complains that the court disallowed the proffered amendment to the defendant's answer to the petition. No exceptions pendente lite were filed to the refusal of the court to allow the amendment, and for that reason this ground of the motion can not here be considered. "Unless a pleading shows on its face that a cause of action does not in fact exist, or the pleading is so utterly defective that it could not be amended at all, or the defect is of such character as renders unenforceable or meaningless a verdict and judgment based thereon, defects in the pleading are cured by the verdict, on the theory that there is a conclusive presumption that the jury had before it sufficient evidence to authorize the verdict on every essential ingredient, necessary for its rendition, which would have been admissible or relevant under any proper amendment." *Watkins Co.* v. *Herring,* 51 *Ga. App.* 396 (2) (180 S. E. 525), and cit. Also, see *Stowers* v. *Harris,* 194 *Ga.* 636 (4) (22 S. E. 2d, 405); *Rollins* v. *Personal Finance Co.,* 49 *Ga. App.* 365 (175 S. E. 609). It can not be said that the verdict and judgment in this case is meaningless or unenforceable.

The court did not err in sustaining the demurrer to the motion to set aside the judgment and dismissing it.

*Judgment affirmed. Felton and Parker, JJ., concur.*