**C & H AIR CONDITIONING FAN COMPANY, Inc., Appellant,**

v.

**D. L. HAFFNER, Appellee.**

**No. 14881.**

United States Court of Appeals Fifth Circuit.

Oct. 22, 1954.

J. E. B. Stewart, Atlanta, Ga., for appellant.

A. DeJongh Franklin, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

TUTTLE, *Circuit Judge.*

D. L. Haffner sued C & H Air Conditioning Company, Inc. for conversion of electric motors which C & H admitted receiving under certain Trust Receipts. These Trust Receipts provided that the purchaser would hold them as the property of Haffner, but permitted the disposition of the motors upon certain conditions not material here.

The defendant, C & H, claimed against Haffner that it had suffered damages by specified breaches of contracts of purchase under which it claimed to have acquired the motors. The sum claimed as a counterclaim exceeded the amount sued for.

Defendant denied that there was any conversion; claimed that the action, if any, was based on the relation of debtor and creditor, and asserted that a balancing of the conflicting claims would leave the plaintiff indebted to defendant. It sought judgment for this net amount.

The case was tried by the parties on these conflicting contentions. Evidence was introduced which would authorize a finding by the jury that there was an unpaid balance due the plaintiff, Haffner, unless C & H successfully carried the burden of proving damages resulting from the alleged breach of contract by Haffner.

The jury found for the plaintiff in the full amount sued for.

Appellant, C & H Air Conditioning Fan Company, Inc., here complains that the trial court erred in its disposition of the following contested issues: 1. That the action of trover was not proper and that the cause of action, if any, was on contract; 2. That if the court should find a trover action proper, there was no evidence to support the full amount of the verdict; 3. That the court should have sustained defendant's motion for a new trial; and 4. The jury "improperly failed to find in favor of appellant, as an off-set, the amount shown to have been spent by appellant for repairing defective motors and to allow credit for 99 defective motors which appellee, in open court, agreed to take back."

■ 1. While an action in trover for the conversion of personal property may well have been a technical proceeding, both under the common law and under the Georgia statutes, 107 Ga.Ann.Code 101; Atlantic Coast Line Railroad Co. v. McRee, 12 Ga.App. 137, 76 S.E. 1057; Southern Express Co. v. Sinclair, 130 Ga. 372, 60 S.E. 849, it is not necessary in the Federal Courts for the plaintiff to recover strictly on the theory outlined in his complaint or fail completely. Rule 2 F.R.C.P., 28 U.S.C.A. and Rule 15 F.R. C.P., 28 U.S.C.A.

2. Here there was a conflict as to the proper form of action; the plaintiff denominated it an action for conversion; the defendant contended the relationship was one of debtor and creditor. Evidence was admitted without objection tending to support both contentions. Although the defendant moved for a directed verdict on the ground that conversion was not the proper remedy, the court charged the jury as to the two conflicting theories and this charge was not excepted to. If, as the defendant contends here, plaintiff failed to prove facts necessary to establish the tort of conversion, the defendant gains nothing if the jury accepted the defendant's own theory that if indebted at all it was as debtor to creditor and not as a "converter." See C. I. T. Corp. v. Hawley, 34 Cal.App.2d 66, 70, 93 P.2d 216, 218.

■■ 3. There was ample evidence to support a jury finding that there was an unpaid debt of as much as $17,179.25 that arose out of the transactions between the parties regardless of the nature of the transactions. This was sufficient unless the defendant's counterclaim was proven under such circumstances as to certainty or legal effect as would require the trial court to withdraw that issue from the jury and instruct the jury to find its validity and amount in favor of the defendant. This was not the case. The cross-claim for damages was sharply contested, and the court did not err in submitting that issue, as a part of the balancing of accounts, to the jury for its determination. This sufficiently answers appellant's contentions with respect to its contested issues except for the reference to an agreement claimed to have been made by the plaintiff during the trial that he would "take back" some motors and would allow credit for them. At most, this was an effort to make a

new agreement, which the trial court properly stated was not involved in this law suit.

No error having been committed by the trial court, the judgment is affirmed.