37713. S. A. LYNCH CORPORATION *v.* GREENE.

DECIDED JULY 8, 1959.

*Hurt, Gaines, Baird, Peek & Peabody, J. Corbett Peek, Jr., William W. Horton,* for plaintiff in error.

*Haas, White & Douglas, George A. Haas,* contra.

CARLISLE, Judge. Mrs. Bessie C. Greene filed suit in the Superior Court of Fulton County against the S. A. Lynch Corporation, doing business as the Atlantan Hotel, for damages for personal injuries allegedly sustained when she slipped on a scummy or slippery substance in the bottom of a bathtub in a room rented to her by the defendant. The defendant filed general demurrers to the petition, the plaintiff amended her petition, the defendant renewed its general demurrers, and the trial court overruled them. The exception here is to that judgment.

The petition is in four counts. In so far as is material to the consideration of the questions raised by the demurrer, count 1 alleges that the petitioner had rented the room from the defendant and at about 11 p.m., January 1, 1957, as soon as she

was settled in said room, she removed her clothes and entered the bathroom for the purpose of taking a shower; that when she entered said bathroom she turned on the light and went directly to the tub and stepped therein; that as she did so she stepped on a soap-like scum which was on the bottom of the bathtub, and which she could not, in the exercise of ordinary care, see and that she was thereupon thrown suddenly into and across said bathtub, suffering the injuries for which she sued.

The petitioner further alleged that the surface of the bathtub was made of porcelain, or some other similar material; that immediately adjacent to [above?] said bathtub was a shower attachment; that a shower curtain hung immediately adjacent to the tub on a rod in such a position that it could be pulled along said rod screening the bathtub from the remainder of the bathroom; that the shower curtain was so placed that it cast a shadow along the bottom of the bathtub both when the light in said bathroom was on and when it was off; that this condition caused such foreign matter to blend in color with the bottom of the bathtub and appear to be a part thereof; that the defendant knew, or in the exercise of ordinary care should have known, that said bathtub was highly slippery; that the defendant was negligent in the following particulars: "(A) In failing to provide safe and suitable premises for petitioner, a paying guest of defendant; (B) In failing to warn plaintiff of the dangerous and unsafe condition of the bathtub in Room 410; (C) In failing to provide adequate illumination so as to disclose the unsafe condition of the bathtub in Room 410; . . . (D) In failing to keep the bottom of the bathtub herein referred to in a safe and unslippery condition; (G) In permitting a soap-like scum to remain on the bottom of the bathtub herein referred to, at the time it rented Room 410 to petitioner; (H) In failing to warn petitioner of the existence of a slippery, soap-like scum on the bottom of said bathtub"; and, that the petitioner, because of the location of the shower curtain, as alleged, could not have ascertained the presence of the scum on the bottom of said bathtub except by a very close and minute inspection.

While the factual allegations of the other three counts and

the particular allegations of negligence therein varied slightly from those of count 1, there was in fact no substantial or material difference in the facts alleged and in the theory of recovery sought in the 2nd, 3rd and 4th counts. For example, in counts 2 and 3 the allegations with respect to the shower curtain, its position and the shadow cast thereby, were omitted, and allegations with respect to the failure of the defendant to provide a rubber mat and handrail or other assistive device were added, and the corresponding assertions as to the negligence of the defendant modified accordingly. In the defendant's renewed general demurrer, the petition is attacked generally on the ground that the counts set out in the petition as amended do not differ in any substantial particular from each other, the basis of the alleged cause of action set forth in each count being the same. With this contention we agree. While this might have been a good ground for striking the additional counts as being surplusage, no motion to strike these counts on this ground was urged, and this was not a good ground for general demurrer. Accordingly, for the purposes of this opinion, the petition will be treated as though it were drawn in one count, since only one recovery may be had by the plaintiff for the particular injury alleged as the basis of this cause of action.

A petition which alleges facts from which a duty on the part of the defendant to exercise a particular degree of care toward the plaintiff may be inferred, and which alleges facts, which if proved, would authorize a jury to find that the defendant had breached that duty by the failure to exercise the required care and that damages resulted therefrom, is sufficient to state a cause of action and to withstand a general demurrer. *Vickers* v. *Georgia Power Co.*, 79 *Ga. App.* 456, 458 (54 S. E. 2d 152); *Hogan* v. *Y. M. C. A.*, 82 *Ga. App.* 372 (61 S. E. 2d 161); *Bell* v. *Fitz*, 84 *Ga. App.* 220, 223 (66 S. E. 2d 108). In the instant case, the petition alleges that the plaintiff was a paying guest in the defendant's hotel. As such she was an invitee and the law imposed on the defendant the duty of keeping its premises in a reasonably safe condition for the use of its invitees. *Holloman* v. *The Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (156 S. E. 275). The plaintiff alleged a breach of that duty on the

part of the defendant in failing to provide safe and suitable premises for her and in failing to keep the bottom of the bathtub in a safe and non-slippery condition and in permitting a soap-like scum to remain on the bottom of the bathtub at the time it rented the room to the plaintiff. At least, as to these elements of alleged negligence on the part of the defendant, and without regard to any other allegations of negligence, the petition stated a cause of action, and the trial court did not err in overruling the general demurrer thereto. *Adkins* v. *Salmon*, 32 *Ga. App.* 459 (123 S. E. 730); *Harris* v. *Bennett Bros.*, 72 *Ga. App.* 589, 592 (34 S. E. 2d 615).

The defendant contends that the petition shows that the plaintiff failed to exercise ordinary care for her own safety. This contention, no doubt, is based on the assumption that the plaintiff did not stop and inspect the tub to ascertain the presence of any foreign substance in the bottom before stepping into it, it not being alleged in the petition that she did so. Contributory negligence and the failure to exercise ordinary care for one's own safety, after the discovery of the negligence on the part of the defendant, is a defensive matter and is a question for the jury, as are other questions of negligence and of cause and proximate cause, and ought not to be decided on demurrer except in plain, palpable and indisputable cases. We cannot say that the petition in this case shows as a matter of law that the plaintiff was so lacking in such ordinary care for her own safety after she had discovered, or in the exercise of ordinary care should have discovered, the negligence of the defendant, as to bar her recovery.

It follows that the trial court did not err in overruling the general demurrer.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*