BOAZ KITCHENS *et al.,* plaintiff in error, *vs.* R. H. HUTCH-
INS, defendant in error.

(BY TWO JUDGES.)   1. Where the bill of exceptions and the record are
variant the latter governs.

2. Where counsel moved a continuance on the ground of sickness of his
client, and stated in his place that he could not safely go to trial because
he needed his client to prove his plea of relief, and the opposing counsel
offered to admit the facts stated in such plea, the motion to continue was
properly overruled.

3. Papers which are not properly a part of the record, though embodied
in it, will not be considered by this Court.

4. Where a verdict and judgment are had against two defendants, on a
joint and several contract, and it appears that one was never served,
the verdict and judgment are void, only as to the one not served; the
other can take no advantage of the error.

5. The verdict in this case was not contrary to equity and justice, nor to
the evidence.   5th March, 1872.

Practice in Supreme Court.   Continuances.   Judgments.
Before Judge CLARK.   Sumter Superior Court.   October
Term, 1871.

The opinion recites the necessary facts.

JOHN R. WORRILL, for plaintiff in error.

LYON, DEGRAFFENREID & IRVIN, for defendant.

MONTGOMERY, Judge.

This was an action against the plaintiffs in error by Hutch-
ins on two joint and several promissory notes, dated before
June, 1865.   One of the notes was for $500 00, signed by
both defendants as principals; the other for $800 00, signed
by Kitchens as principal, with Humphries as security.   Hum-
phries was never served.   Kitchens filed a plea under the
Relief Laws.   When the case was called for trial, counsel for
Kitchens moved for a continuance on account of the absence
of Kitchens, who was too sick to attend Court, by whom he
expected to prove the facts alleged in his plea of relief.   The
opposing counsel offered to admit the facts stated in the plea.

Kitchens *et al. vs.* Hutchins.

Whereupon, the Court overruled the motion. The case was tried on the 20th October, 1871, and a verdict and judgment were had by the plaintiffs against *both* defendants. At the same term of the Court Kitchens moved for a new trial, on the following grounds: 1st. Because the Court erred in refusing a continuance. 2d. Because the Court erred in allowing counsel for plaintiff to take a verdict and enter up judgment against defendants, when Humphries signed one of said notes as security, and was not sued as such. 3d. Because the Court erred in allowing verdict and judgment against defendants in the absence of any process to the declaration against Humphries. 4th. Because the Court erred in allowing judgment against defendants, when plaintiff's writ showed, by the sheriff's return thereon, an entry of not to be found as to Humphries. 5th. Because the verdict was contrary to evidence, equity and justice.

1. The Court overruled the motion for a new trial. There is no evidence in the record that there was an adjourned session of the October Term of the Court. On the 27th day of November, more than a month after the trial, and, it is presumed, after the adjournment of the Court, Kitchens made an affidavit before the Ordinary that he had paid one, if not both, of the notes sued on. On the 2d of December, the very day on which the bill of exceptions is certified by the Judge, Kitchens made another affidavit, that, as to the $500 00 note, he was only surety for Humphries. The note, as stated, is signed by him as principal, and no evidence was offered on the trial that he signed only as surety. Whether the affidavits were ever submitted to the Judge of the Superior Court, and if so, for what purpose, does not appear. They could not have been made to sustain the motion for new trial, for they are not applicable to any of the grounds taken. Copies of these affidavits are attached to the transcript of the record and to the copy bills of exceptions furnished the Judges of the Supreme Court. How they got there, it is difficult to say. They are not attached to the original bill of exceptions.

2. Was the defendant entitled to a continuance on the showing made? Had counsel stated that he could not go safely to trial, in the absence of his client, without more, he would clearly have been entitled to a continuance: Code, 3473. But the statement of the reason why he desired his presence, shows that it was rather as a witness than as an assistant in the conduct of the case, that his presence was needed; and hence the offer to admit the facts, by the opposite counsel, that defendant was expected to prove, brought the case under section 3472 of the Code, and the continuance was properly denied. If the notes, or either of them, were paid, as alleged in the affidavit of Kitchens made November 27th, 1871, and this fact, and that Kitchens would prove it, had been stated in the motion to continue, it would have entitled the defendant to the continuance, on amending his pleadings by plea of payment, unless the fact had been admitted.

3. Perhaps if the motion for a new trial had contained the facts set forth in the affidavits of November 27th and December 2d, and a new trial asked for those reasons, and the affidavits submitted to the Judge in support of such grounds, he might have granted the new trial. As it does not appear from the record that this was done, the mere embodiment of the affidavits in the record cannot make them a part of it, and they cannot be considered by this Court in the shape in which they are brought before it.

4. As to the judgment being against Humphries, who was not served, and who, though a surety on *one* of the notes, was sued as principal. The notes sued on are joint and several, and Kitchens might have been sued alone. Had Humphries been served, plaintiff could have stricken his name and proceeded against Kitchens alone. There being a return of *non est inventus* as to Humphries, plaintiff was entitled to proceed against Kitchens: Code, 3274. True, the judgment is void as to Humphries, but Kitchens can take nothing by that.

The judgment of the Court is affirmed. (See the headnotes.)

The judgment of the Supreme Court, as pronounced from the Bench, was arrived at with the copy bill of exceptions before the Judges, when it was supposed that the affidavits mentioned were intended as a part of the bill of exceptions, and were meant to show, contrary to the transcript of the record, that a plea of payment had been filed, and that the defendant would have proved it had he been present at the trial. Hence the first proposition laid down by the Court.

The Judge below, in certifying the bill of exceptions, says "there was no point made before the Court about the want of process, or want of service on Humphries." The transcript of the record shows there was process against Humphries. If there had not been, it is not clear how Kitchens could have taken advantage of it.