MARTHA J. ROEBUCK, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Demand for trial is not cause for discharge, unless at the term when the demand was made and at the next succeeding term, there were juries impaneled and qualified to try the prisoner.
2. That there were such juries at both terms must appear to the supreme court affirmatively, in order for it to reverse a judgment of the superior court denying the discharge.
3. A mere recital in a motion for discharge presented by counsel, and which the superior court refused to grant, with no verification of the recital in the bill of exceptions or elsewhere in the record, is not sufficient evidence that there was a jury at the second of the two terms.
4. Where the bill of exceptions states that the indictments on which trial was demanded, were found at the April term, 1875, and the demand itself, as

Thursby *vs.* Myers.

copied in the record, shows that they were found at April term, 1874, the term at which the demand was made, the record, and not the bill of exceptions, will be considered as giving the true date of the finding.

Criminal law.    Demand  for  trial.    Practice  in  the Supreme Court.  Before Judge WRIGHT.    Dougherty Superior Court.    October Adjourned Term, 1875.

Report unnecessary.

H. MORGAN, by D. H. POPE, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

BLECKLEY, Judge.

The bills of indictment, if we are to date by the record and not by the bill of exceptions, were found at April term, 1874, We have evidence that at that term and at October term, 1875, there were juries impaneled, but no authentic evidence that there was any jury at October term, 1874.   The statute prescribes the conditions of discharge, and they involve the impaneling of juries at two successive terms.   We can neither assume the conditions, nor dispense with them.

Judgment affirmed.