## GILES *vs.* THE STATE OF GEORGIA.

1. The mere absence of counsel from the court is not a sufficient ground for continuance.
2. Whether the framing of the judge's charge before he had heard the evidence is a good cause of complaint, depends on whether he charged the law of the case properly or not. If he did, no harm was done. If not, errors should be specified.
3. There was sufficient evidence to support the verdict.
4. That on a second conviction in a misdemeanor case the judge increased the fine by five dollars over the first sentence, is no ground for new trial.

Criminal Law. Continuance. Charge of Court. Practice in the Superior Court. Before Judge LAWSON. Morgan County. At Chambers. September 22d, 1880.

Reported in the decision.

J. H. HOLLAND; CALVIN GEORGE, by brief, for plaintiff in error.

ROBERT WHITFIELD, solicitor general, by JACKSON & LUMPKIN; H. W. BALDWIN, county solicitor, for the state.

CRAWFORD, Justice.

Marinda Giles was indicted in the county court of Morgan for a misdemeanor, in that without provocation she used opprobrious words and abusive language to and of one C. W. Baldwin, tending to cause a breach of the peace. Upon the trial she was found guilty, but being dissatisfied with the ruling and judgment of the court, she applied to the judge of the superior court for a writ of *certiorari* which he refused, and she complains of that refusal as error.

The grounds of error which she alleges to have been committed by the judge of the county court are, that he refused her a continuance of her case, when her counsel was absent in attendance upon Putnam superior court; that the judge framed his charge before hearing any of the evidence; that the verdict is contrary to law and contrary to evidence; and that the fine imposed is heavier by $5.00 than it was upon the first trial.

1. The mere *absence* of counsel from the court is not a sufficient excuse to justify the continuance of a cause.

2. Whether the framing of the judge's charge, before or after he had heard the evidence, is a good cause of complaint thereto, depends altogether upon whether he charged the law of the case properly, if he did, the time when it was prepared is immaterial. If there be errors complained of therein, they must be plainly and distinctly set forth, and if this is not done, the time when it was written will not be held important.

3. The testimony is sufficient to support the verdict. If the words used were not opprobrious, and calculated to cause a breach of the peace, we know of none in the English language that would. That they were uttered the proof abundantly shows, and it does not appear that there was any provocation justifying their use.

4. That the judge upon the second trial should have made the penalty twenty-five instead of twenty dollars, is in our judgment a matter wholly left by law within his discretion, and being neither excessive, cruel, nor unusual will not be disturbed.

Judgment affirmed.