756 SUPREME COURT OF GEORGIA.

Smith *et al. vs.* Sapp, executor, *et al.*—Knight *vs.* The State; etc.

## SMITH *et al. vs.* SAPP, executor, *et al.*

1. Where the judgment contained in the record is a general grant of a new trial, but the judge in certifying the bill of exceptions indicates that the new trial was granted on one ground only, the record will control.
2. The first grant of a new trial will not be reversed unless the presiding judge has abused his discretion in making it.
(*a.*) Although testimony may have been admissible for some purposes, but not for others, yet where it was admitted generally, and the presiding judge certified that he feared that the jury were misled by it, and thereupon granted a new trial, such grant falls within the general rule allowing the presiding judge discretion in granting new trials.

October 17, 1882.

JACKSON, Chief Justice.

---

## KNIGHT *vs.* THE STATE OF GEORGIA.

The charge in this case was full and fair, and the verdict was supported by the evidence.
(*a.*) Although a witness in a criminal case may have answered confusedly as to an *alibi* of defendant, yet if he was warned to be on his guard, and afterward swore positively and falsely as to the *alibi*, there was sufficient evidence of deliberation to warrant a verdict of guilty of perjury. Especially will the verdict not be disturbed when approved by the presiding judge.

October 17, 1882.

JACKSON, Chief Justice.

---

## JOHNSON, executrix, *vs.* STEPHENS.

A judgment for the plaintiff in a justice's court on a note for one hundred dollars principal, seven per cent. interest and five per cent. attorney's fees, is void for want of jurisdiction. See *Baxter et al. vs. Bates et al.*, (decided at the present term.)

December 5, 1882.

SPEER, Justice.