8212. MORRIS, sheriff, v. FIRST NATIONAL BANK OF VALDOSTA.

BROYLES, P. J. 1. It does not appear that the discretion of the trial judge, in refusing to grant a continuance in the case, was abused.

2. Where money is in the hands of an officer, he may pay it over to the plaintiff by whose process it was raised, unless other claimants deposit their liens with him. Notice to retain it, unaccompanied by the lien, is insufficient. Civil Code, § 5348; *Strickland* v. *Smith*, 53 *Ga.* 80.

(a) In this case it appears that at the time of the levy and sale of the property under the execution of the defendant in error, there were two senior executions, based upon older judgments. There was evidence showing that one of these executions was in the possession of the sheriff at the time of the sale of the property. This execution, however, was not in evidence or accounted for, and, accordingly, can not be considered. *Glenn* v. *Black*, 31 *Ga.* 393 (1, 2). As to the other senior execution on which the fund raised by the sale was claimed, there was no positive evidence that it was in the sheriff's hands at the time of the sale, or at the time after the sale when the plaintiff in fi. fa. requested the sheriff to comply with the terms of the sale. After the sale, when the plaintiff in fi. fa. had bid in the property levied on under the execution in his favor, had offered to pay to the sheriff all the costs due, and had requested that the balance of the purchase price be credited on his execution, it was the duty of the sheriff to comply therewith and to make a deed in accordance with the sale, and it was then too late for other executions, although older, to claim the fund. *Glenn* v. *Black*, supra; *Atlanta Trust & Banking Co.* v. *Nelms*, 115 *Ga.* 53, 63, 64 (41 S. E. 247).

3. Under the record and the evidence, documentary and oral, in the bill of exceptions, there was no issue of fact to be passed upon by the jury, and the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED MAY 3, 1917.

Money rule; from Berrien superior court—Judge Thomas. September 26, 1916.

*W. R. Smith*, for plaintiff in error.

*J. D. Lovett, Patterson & Copeland*, contra.