### 16416. York v. Lowry, sheriff.

Bell, J. 1. Where a plaintiff, after procuring a judgment in attachment, brought a petition for a rule against the sheriff, alleging that after seizing the property the sheriff delivered it back to the defendant "without requiring and taking bond with good security as under the law in

such cases made and provided," and where the sheriff filed an answer which was not traversed, the statements of fact in the answer were conclusive and evidence could not be considered to refute them. *Read Phosphate Co.* v. *Weichselbaum Co.*, 1 *Ga. App.* 420 (2) (58 S. E. 122); *Edwards* v. *Harris*, 7 *Ga. App.* 207 (66 S. E. 622); *Tumlin Co.* v. *Watson*, 17 *Ga. App.* 462 (1) (87 S. E. 691).

2. Where the sheriff's answer averred that he had not delivered the property back to the defendant as alleged in the rule, but had delivered it to a third person who had "interposed her claim on oath giving damage bond to the plaintiff and forthcoming bond to the sheriff" and that "sufficient bond and security was taken as required under law," and these statements were untraversed, and where it did not appear that a valid claim by such third person could not have been filed, the allegations of the rule were conclusively met, irrespective of evidence which might have sustained it if the answer had been traversed. Civil Code (1910), §§ 5160, 5161, 5162; *Wortsman* v. *Wade*, 77 *Ga.* 651 (4 Am. St. Rep. 102); *Peacock Hdwe. Co.* v. *Allen*, 33 *Ga. App.* 654 (127 S. E. 780).

3. It was not essential to the validity of the claim affidavit that it should be accompanied by a jurat, with the name of the officer who administered the oath signed thereto,—"the material question being whether or not the oath was actually administered and taken; and in the absence of the officer's certificate to this effect, aliunde testimony may be received to establish this material fact." *Beach* v. *Averett*, 106 *Ga.* 73 (1) (31 S. E. 806); *Miller* v. *Caraker*, 9 *Ga. App.* 255 (2) (71 S. E. 9). This fact being shown in the instant case by the untraversed answer of the sheriff to the effect that the claim was interposed "on oath" and such answer being conclusive upon the point, it matters not that the oral testimony may have shown that no such oath was administered or taken.

4. Where the attachment was for the purchase money of "one Superior Truck, license No. 81775, 1922," and was levied upon "one Superior Truck, Motor No. 43019M, license 6492" and this levy was adopted and relied on by the plaintiff in his further proceedings in the attachment, including the declaration, and where the petition for the rule against the sheriff alleged that the "attachment was levied upon said Superior Motor Truck for which said attachment was sued out" and that the sheriff had illegally delivered to the defendant "the Superior Motor Truck levied upon," because of which alleged illegal delivery the rule was sought, the plaintiff upon the trial of the rule could not complain that the sheriff had not levied upon the truck for the purchase money of which the attachment had issued, or that the claim which the sheriff had accepted, in which the truck was described as in the levy, was for a different truck from that against which the attachment had proceeded. The plaintiff was estopped from objecting that the description in the claim was materially different from that in the attachment, where in all proceedings after the issuance of the attachment, including the allegations of the declaration and of the petition for the rule, he treated the property as being of the description set out in the levy and this description was followed in the claim. *New Zea-*

*land Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (6) (116 S. E. 922). It thus results that the court did not err in admitting the claim in evidence and that a discharge from the rule was not to be denied merely because the description in the claim was not the same as that in the attachment.

5. The court did not err in any ruling upon the trial nor in rendering final judgment in favor of the respondent.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 16, 1925.

Money rule; from Fulton superior court—Judge Bell. March 13, 1925.

*John F. Methvin,* for plaintiff.

*Napier, Wright & Wood,* for defendant.