28230.   THE TEXAS COMPANY *v.* HALL, sheriff, *et al.*

DECIDED JUNE 28, 1940.

*Chalmers, Jackson & Garner,* for plaintiff in error.

*J. B. McCurdy,* contra.

BROYLES, C. J.   O. L. De Lozier, plaintiff in fi. fa., brought an action against W. O. Venable, defendant in fi. fa., and J. R. Hall, sheriff of DeKalb County, for distribution of money in the hands of the sheriff, obtained from the sale of certain lands of the defendant in fi. fa.   Separate interventions were filed by The Texas Company and Lonnie Nelms, each claiming to have the oldest judgment against the defendant in fi. fa.   Upon the hearing of the rule the court directed the sheriff to pay the money to Lonnie Nelms; and The Texas Company excepted to that judgment.   The Texas Company alleged that its judgment "was obtained at the November term, 1935, of this court, and recorded in general execution docket 22, at page 175, on the 3rd day of December, 1935, . . . and that its judgment is the oldest judgment of record against the said W. O. Venable, and is therefore entitled to the proceeds of said sale."   However, The Texas Company did not allege in its intervention that its execution was in the possession of the sheriff at the time of the sale of the property.   The statement in the bill of exceptions that the fi. fa. of intervenor "was in the hands of the sheriff of DeKalb County" is in direct conflict with the record, and the record controls.   Furthermore, it does not appear from the record or the bill of exceptions that the execution of The Texas Company was introduced in evidence in this case or accounted for.   In *Morris* v. *First National Bank,* 20 *Ga. App.* 60 (2-a) (92 S. E. 396), this court held: "In this case it appears that at the time of the levy and sale of the property under the execution of the defendant in error, there were two senior executions, based upon older judgments.   There was evidence showing that one of these executions was in the possession of the sheriff at the time of the sale of the property.   This execution, however, was not in evidence or accounted for, and, accordingly, can not be considered. *Glenn* v. *Black,* 31 *Ga.* 393.   As to the other senior execution on

which the fund raised by the sale was claimed, there was no positive evidence that it was in the sheriff's hands at the time of the sale, or at the time after the sale when the plaintiff in fi. fa. requested the sheriff to comply with the terms of the sale." In the intervention of Lonnie Nelms it was distinctly alleged "that at the time of said sale his fi. fa. was in the hands of the sheriff, for a principal sum in excess of the total sale price." It further appears from the record that the execution of Lonnie Nelms was before the court in this case. The only contestants for the fund being Lonnie Nelms and The Texas Company, the court did not err in directing the sheriff to pay the fund to Nelms.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*