### 29769.    TURNER *v.* THE STATE.

DECIDED NOVEMBER 17, 1942.

352

John T. Dorsey, for plaintiff in error.

William Y. Atkinson, solicitor-general, contra.

GARDNER, J. 1. The exceptions under special ground 1 deal with the refusal of the court to grant a continuance. The court did not abuse its discretion in denying a continuance. In Loyd v. State, 45 Ga. 57 (4), the court said: "It is no ground for a new trial that the court refused to continue, because of the absence of one of the prisoner's counsel, on whom he principally relied, from sickness, the affidavit for continuance only saying that the affiant 'had been informed by letter of the sickness;' especially if it appear that other competent counsel are employed and do appear in the trial." See also in this connection 3 Michie's Enc. Dig. Ga. R. 425: "The mere absence of counsel from court is not sufficient ground for a continuance. Long v. State, 38 Ga. 491; Giles v. State, 66 Ga. 344; Allen v. State, 10 Ga. 85. Even though he have with him the title papers of defendant or certain letters that

would establish the defense. *Horshaw* v. *Cook,* 16 *Ga.* 526; *Hook* v. *Teasley,* 72 *Ga.* 901."

2. It is contended in ground 2 that the minutes of the lower court show that the case was tried on March 6, 1942, whereas the entry on the indictment of the date of arraignment and plea of not guilty shows March 7, 1942, and for this reason defendant is entitled to a new trial. It will be noticed that the certificate of the judge shows that the entire case from the call to sentence was tried on March 6, 1942. Evidently, in view of this certificate, the writing of the number 7 was a mere typographical error. The bill of exceptions shows that the trial took place on March 6, and the certificate, which is a part of the record, confirms this. Under the facts of this case we think the certificate as shown by the record distinguishes this case from those cited by the defendant: *Hunt* v. *State,* 64 *Ga. App.* 320 (13 S. E. 2d, 117); *Texas Co.* v. *Hall,* 62 *Ga. App.* 731 (9 S. E. 2d, 859); *Kitchens* v. *Hutchins,* 44 *Ga.* 620; *Roebuck* v. *State,* 57 *Ga.* 154 (4); *Smith* v. *Sapp,* 69 *Ga.* 756; *Smith* v. *Eubanks,* 72 *Ga.* 280 (2-a); *Poullain* v. *Poullain,* 72 *Ga.* 412. In the cases cited there was a material variance between the bill of exceptions and the record. In the instant case, under its facts, in view of the certificate of the judge and the whole record, there is only an immaterial typographical error. This court will not reverse the case on the ground that an order nunc pro tunc should have been taken, as contended by the defendant, to correct this immaterial discrepancy. There is no merit in this ground.

3. Special ground 3 is not approved by the court. It is elementary that this court is without authority to consider such a ground.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*