1. The court did not abuse its discretion in denying the motion for continuance.
2. There was no material variance between the bill of exceptions and the record.
3. An assignment of error on a ground in a motion for a new trial not approved by the judge will not be considered.
 DECIDED NOVEMBER 17, 1942. *Page 349 
The defendant abandoned the general grounds of the motion for new trial. We will therefore deal with the exceptions pendente lite and the errors complained of in the amended motion.
The exceptions pendente lite are: "When said case was called, and before trial of the same, the question arose, on motion of defendant, to continue the same on the ground of the absence of his sole counsel, said attorney had not been granted any leave of absence in said case, when and whereupon the said judge overruled said motion, which said decision was averse to and against the contentions of defendant, to which ruling and decision of the court defendant then and there excepted, and now excepts, and assigns said ruling and decision as error, as being contrary to law, and as said matter does not appear of record, defendant, within the time prescribed by law, tenders these exceptions pendente lite and prays. . ."
The amended grounds read: "1. Because the court erred, as movant insists, to grant a continuance of said case (1) when movant, through his counsel, John T. Dorsey, on the afternoon of March 4, 1942, over the telephone, called his honor, L. B. Wyatt, judge of said court, and represented to him that he had been taken into custody within an hour or two in Marietta, Ga., by the sheriff of Cobb County; that he had employed him as counsel in said case; that his said counsel was actually engaged in moving his office and effects to another office, which would require his presence and prevent his attendance during the balance of the week; that said case was three years old and that he had been in the State's custody for more than twenty months during the pendency of said case and part of the time on his own bond; that if the court would grant a continuance of the case he could, and would, make reasonable bond to appear at such future time as the court directed, which request for continuance was refused; and (2) when movant in said court, upon the call of said case, in person made a motion for continuance thereof, as follows: Defendant: `I would make a motion.' Lewis Turner, the defendant sworn: `I employed as a lawyer John T. Dorsey, formerly solicitor-general of the Blue Ridge Circuit. He knows my case. I ask for a continuance. I can make a reasonable bond. Just paroled out of the State penitentiary *Page 350 
Wednesday, last Wednesday, just went to work at Marietta and trying to live right. I ask for a continuance of the case so my lawyer can be here. He told me he called Judge L. B. Wyatt and informed him he could not be here. That is all I have to say.' The Court: `Mr. Dorsey called me and the only reason he gave for not being here he was moving his office. I told him I would not continue the case on that ground. Proceed with the trial of the case. Are you ready to plead?' Defendant: `I stand mute.'
"Movant avers that the court erred in not granting a continuance of said case, though usually in his discretion, because: 1. It deprived him of the services of the only counsel who knew his case. 2. There was no pressing need of trial, as defendant for more than twenty months had been within the jurisdiction of the court, serving a sentence in the State penitentiary imposed in Carroll superior court, also of Coweta judicial circuit, and having been paroled for only a week when again taken into custody in the instant case. 3. It left no time within which any counsel not familiar with his case could familiarize himself with his case and prepare for his defense in a proper way, taking into consideration the seriousness of his defense.
"2. Because the minutes of said court, which minutes were entered in minute book ____, on the 31 day of March, 1942, subsequent to the trial of said case, shows March 6, 1942, as the date of said trial, while the entry of the solicitor-general on the bill of indictment, to wit: `Upon the call of the within case the defendant Lewis Turner was formally arraigned, the indictment being read to him, and he announced he "stands mute," the 48 jurors were then called and the array placed upon him. March 7, 1942,' shows a different date, to wit, March 7, 1942.
"Movant avers that, in cases where the defendant stands mute, it becomes the immediate duty of the solicitor-general to make such entry on the minutes of the court, and new trial should be granted him, because: 1. This conflict in dates, set out in this ground, is both irreconcilable and incurable. 2. Should it be determined that the date of trial was in fact March 6, 1942, no entry of the fact that defendant stood mute being entered by the clerk in the minutes at the time, and not before March 31, 1942, and then entered in the absence of an order nunc pro tune, which *Page 351 
movant avers is a fact, such omission vitiates said trial. 3. Should it be determined that the date of trial was in fact March 6, 1942, no entry of the fact that defendant stood mute being entered on the bill of indictment on March 6, 1942, but at a later date, by the solicitor-general, such omission vitiates said trial, no issue being joined either in fact or effect.
"3. Because the jury list furnished by the clerk to movant, and the one the clerk retained as his office list, contained only thirty-eight names, twelve of which, as shown by said office list, of file in said clerk's office, presumably were out on another case, certainly not available to movant, leaving only twenty-six names from which to select a jury. He avers that the failure to furnish him with a list containing the names of forty-eight jurors vitiates said trial, because: 1. Such failure or omission deprived movant of the legal rights to which he was entitled. 2. Such failure or omission was prejudicial and harmful to the interests of movant. 3. When movant stood mute, he was entitled to have forty-eight jurors put upon him by formal presentation, and to have their names furnished to him, from whom and which to strike a jury to try said case."
The certificate of the judge in approving the grounds of the amendment to the motion is as follows: "1. As to the first ground of amended motion, prior to the time the court required the defendant to go to trial he appointed an attorney to represent defendant and directed the attorney to go out and confer with him. A few minutes after this occurred the attorney came back into court and in the presence of defendant stated to the court that the defendant did not want an attorney appointed for him. The court then told the attorney to go out and confer with him, that the court was directing the attorney to represent him. In the meantime another case was placed on trial and four or five hours later the case against this defendant was called. The attorney and defendant then came back into court, and the court stated to the defendant `I appointed a lawyer to represent you and he reports to me you do not want a lawyer. You do not want Mr. Sanders, you have a lawyer.' To which the defendant replied, `I have a lawyer already.' Then the court stated, `You do not want this lawyer's services?' To which the defendant replied, `No, sir.' 2. As to the second ground of amended motion, the recitals of *Page 352 
fact contained in the foregoing amendment to the original motion for new trial are hereby approved as true and correct, subject to the foregoing facts. This entire case was tried and defendant was sentenced on the same day. All entries on the indictment were made on the same day of the trial. This case was tried on March 6, 1942, and the entry upon the indictment made by the solicitor-general which is dated March 7, 1942, was in fact entered on the indictment on March 6, 1942. On the date of the trial, and after being formally arraigned when defendant announced he would stand mute, the clerk of the court, in open court, was instructed by the court to enter on the minutes of the court that the defendant upon the call of his case elected to stand mute, and for the clerk to enter on the minutes a plea of `not guilty.' 3. As to the third ground of amended motion for new trial, the recitals of fact contained in the foregoing amendment of the original motion for new trial are not approved. At the time of the call of this case and at the time of arraignment there were fifty jurors present, and the clerk of the court had a list of fifty jurors who were then in attendance on the court. There were forty-eight competent jurors' names called to the defendant in open court at the time of his formal arraignment. All of these forty-eight jurors were available in court as jurors when the panel was put upon the defendant."
1. The exceptions under special ground 1 deal with the refusal of the court to grant a continuance. The court did not abuse its discretion in denying a continuance. In Loyd v.State, 45 Ga. 57 (4), the court said: "It is no ground for a new trial that the court refused to continue, because of the absence of one of the prisoner's counsel, on whom he principally relied, from sickness, the affidavit for continuance only saying that the affiant `had been informed by letter of the sickness;' especially if it appear that other competent counsel are employed and do appear in the trial." See also in this connection 3 Michie's Enc. Dig. Ga. R. 425: "The mere absence of counsel from court is not sufficient ground for a continuance. Long v.State, 38 Ga. 491; Giles v. State, 66 Ga. 344; Allen
v. State, 10 Ga. 85. Even though he have with him the title papers of defendant or certain letters that *Page 353 
would establish the defense. Horshaw v. Cook, 16 Ga. 526;Hook v. Teasley, 72 Ga. 901."
2. It is contended in ground 2 that the minutes of the lower court show that the case was tried on March 6, 1942, whereas the entry on the indictment of the date of arraignment and plea of not guilty shows March 7, 1942, and for this reason defendant is entitled to a new trial. It will be noticed that the certificate of the judge shows that the entire case from the call to sentence was tried on March 6, 1942. Evidently, in view of this certificate, the writing of the number 7 was a mere typographical error. The bill of exceptions shows that the trial took place on March 6, and the certificate, which is a part of the record, confirms this. Under the facts of this case we think the certificate as shown by the record distinguishes this case from those cited by the defendant: Hunt v. State, 64 Ga. App. 320
(13 S.E.2d 117); Texas Co. v. Hall, 62 Ga. App. 731
(9 S.E.2d 859); Kitchens v. Hutchins, 44 Ga. 620;Roebuck v. State, 57 Ga. 154 (4); Smith v. Sapp,69 Ga. 756; Smith v. Eubanks, 72 Ga. 280 (2-a); Poullain
v. Poullain, 72 Ga. 412. In the cases cited there was a material variance between the bill of exceptions and the record. In the instant case, under its facts, in view of the certificate of the judge and the whole record, there is only an immaterial typographical error. This court will not reverse the case on the ground that an order nunc pro tune should have been taken, as contended by the defendant, to correct this immaterial discrepancy. There is no merit in this ground.
3. Special ground 3 is not approved by the court. It is elementary that this court is without authority to consider such a ground.
Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.