33575. DENNY, transferee, *v.* C. L. FAIN COMPANY *et al.*

DECIDED JULY 13, 1951. REHEARING DENIED JULY 25, 1951.

*Robert T. Speer, S. T. Allen,* for plaintiff in error.

*Bartow Cowden III, Benton E. Gaines, Edward Andrews, Durwood Pye,* contra.

SUTTON, C. J. C. L. Fain Company instituted a suit for $333.75 on an open account against William S. Hanner and Kenneth E. Denny, who were doing business as Han-Den House, and the plaintiff subsequently sued out an attachment pendente lite against the defendants on the same account. The Star Provision Company proceeded by attachment against the same defendants for a debt of $369.79 on an account. Both attachments were levied upon certain fixtures and equipment as the property of the defendants on December 30, 1949. Declarations in attachment were filed but were unanswered by the defendants. Judgments in the attachment proceedings were entered on March 21, 1950, against the property seized. The property was sold on April 17, 1950, under the attachment judgments, and on that date Mrs. Edna Spicer Denny, as the transferee of the Citizens & Southern National Bank of Atlanta and the Hotel & Res-

taurant Supply Company, filed with the marshal certain bills of sale to secure debt and a retention-of-title contract covering the property seized under the attachments. These papers were placed in the marshal's hands on the day of the sale, after the sale.

The Cherry Transfer & Storage Company filed a money rule against the marshal for the payment of $346 for storage and drayage charges on the property involved after the same was levied on under the attachments. The marshal's answer to the money rule was as follows: "Respondent has in hand the sum of $715 as alleged in the rule, which sum is subject to costs of court and costs of moving and storage due Cherry Transfer & Storage Company. The remainder of said sum is then subject to distribution to the parties named in Par. 4 of said petition for rule as their respective priorities shall appear. Respondent prays that the court determine the amount of costs due Cherry Transfer & Storage Company and give direction as to the distribution of said funds."

C. L. Fain Company and Star Provision Company, the attachment creditors, and Mrs. Edna Spicer Denny, alleged transferee of certain bills of sale, were notified of the pendency of the money rule, and each of them intervened by filing a response to the petition of the storage company. The trial judge ordered the payment of the storage and drayage charges out of the fund and continued the hearing of the intervenors' claims to a later date. Mrs. Denny's response set up her claim to the fund by virtue of certain bills of sale and a conditional-sales contract, alleged to have been transferred to her, but she did not allege that these contracts had been foreclosed. The responses of the intervening attachment creditors alleged their attachments, the levies made thereunder, and their judgments against the defendants' property. A jury trial was not demanded, and at the trial before the judge without a jury, counsel for Mrs. Denny moved to consolidate her foreclosure proceedings with the money-rule proceeding. This motion was granted, and no exception or objection was made thereto. The attachment creditors then introduced their attachments with the entries of levy and the fi. fas. issued thereon. Mrs. Denny objected to this evidence on the grounds that the pleadings, unobjected to, showed that

she had record title to the property involved, superior to said attachment proceedings, and that the evidence showed that the attachments were void, in that no tender had been made, either before or after the levy and sale, to the holders of the title to the property, in compliance with Code § 39-201. The evidence of the attachment lien of the Star Provision Company was objected to on the further ground that no notice is shown by the pleadings to have been given by the levying officer nor by the plaintiff in attachment as provided for in Code § 39-202. These objections were overruled, and in grounds 1 and 3 of the amendment to Mrs. Denny's motion for a new trial error is assigned on the allowance of this documentary evidence as being contrary to the pleadings in the cause, and contrary to the rules of law controlling in the premises.

Ground 2 of the amendment to the motion for a new trial complains of the allowance in evidence of the proceedings in the suit on open account brought by C. L. Fain Company against the debtors, on the grounds that such proceedings were immaterial and that Mrs. Denny was not a party thereto.

Ground 4 of the amendment to the motion for a new trial assigns error on the following judgment: "The within cause coming on regularly for a hearing before me on the rule for distribution of funds in the hands of the marshal, as set out in this petition and the various responses thereto, it appearing that all parties claiming said funds were properly served, and after hearing evidence thereon, it is ordered and adjudged that after paying costs of court in this case, and in case No. 195715 and case No. 195461, that the balance of the funds in the hands of the marshal be paid pro rata to the C. L. Fain Company and the Star Provision Company," on the ground that there was [no?] evidence adduced at the trial to support such findings, and that said judgment is not supported by any rules of law controlling in the premises. The only other evidence introduced at the trial of the money rule was the testimony of a deputy marshal, to the effect that the property was sold under the attachments; that the proceeds of the sale, $715, are still in the marshal's possession, less whatever may have been distributed by order of court; that the foreclosure papers filed by Mrs. Denny came into the possession of the marshal on April 17, 1950, but that

no levy was made thereunder; and that apparently, from the records, the foreclosure papers were filed after the sale.

The trial judge rendered the judgment heretofore set out, distributing the funds pro rata to the C. L. Fain Company and the Star Provision Company, after paying the costs of their attachments and the suit on open account of C. L. Fain Company. Mrs. Denny moved for a new trial on the general grounds and the four special grounds above set out, and she excepted to the overruling of her motion.

The Code, § 24-211, provides, "Where money is in the hands of an officer, he may pay it over to the plaintiff by whose process it was raised, unless other claimants deposit their liens with him. Notice to retain, unaccompanied by a lien, is insufficient. Money raised by legal process not being subject to levy and sale, the court in making distribution proceeds upon equitable principles. All parties intervening shall, by appropriate pleading, set forth the ground of their claim to the fund. All persons interested, who are notified in writing by the sheriff or movant of the pendency of the rule, will be bound by the judgment of distribution." Mrs. Denny, in her response to the money rule, alleged that she as transferee held certain bills of sale and a title retention contract to the property levied on under the attachments, and she alleged that said bills of sale and contract were superior to and antedated the liens of the attachment creditors. She did not allege that the same had been foreclosed. And no evidence of her title or lien was introduced upon the trial of the case. See *The Texas Company* v. *Hall,* 62 *Ga. App.* 731 (9 S. E. 2d, 859), and *Morris* v. *First National Bank,* 20 *Ga. App.* 60 (2-a) (92 S. E. 396). No statutory foreclosures with attached copies of the contracts assigned to the plaintiff in error were introduced in evidence, nor were the contracts themselves in evidence. There was no stipulation or admission with respect to her alleged claim.

As the plaintiff in error has shown no title to the property, special grounds 1 and 3, complaining of the introduction in evidence of the attachment proceedings and fi. fas., on the grounds of non-compliance with Code §§39-201 and 39-202, are without merit. The cases of *Mulherin* v. *Porter,* 1 *Ga. App.* 153 (58 S. E. 60); *Baisden & Co.* v. *Holmes-Hartsfield Co.,* 4 *Ga. App.*

122 (60 S. E. 1031), and *Mathews* v. *Fields*, 12 *Ga. App.* 225 (77 S. E. 11), cited by the plaintiff in error, are not applicable or controlling under the facts of this case.

The admission in evidence of the pleadings, judgment and fi. fa. of C. L. Fain Company's suit on an open account against the debtors was not harmful to the plaintiff in error, as contended in ground 2 of the amendment to the motion for a new trial. Special ground 4 and the general grounds are without merit, as the evidence offered by the attachment creditors supported the order of the trial judge awarding the fund to them.

Although the marshal's answer was not traversed, there were no facts, therein alleged and made conclusive by the absence of a traverse, which would require a different ruling from the one here made. All the marshal asked in his answer to the money rule was for direction by the court in paying out the funds in his hands. He merely listed the names of the claimants and the numbers of their cases in his answer by reference to paragraph 4 of the application of the Cherry Transfer & Storage Company for the money rule, without alleging or indicating who held prior claim or liens to the funds; and paragraph 4 of said application for the rule did not allege or indicate which of the claims or liens there listed were superior. Hence, there was no cause or reason for anyone to traverse the marshal's answer. It was not error to overrule Mrs. Denny's motion for a new trial.

Pursuant to the act of 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. MacIntyre, P.J., Gardner and Worrill, JJ., concur. Felton and Townsend, JJ., dissent.*

FELTON, J., dissenting. Under the circumstances of this case I do not think that it was necessary to introduce the plaintiff in error's executions in evidence. They were executions based on the foreclosure of bills of sale and retention-of-title contracts. The rule filed by Cherry Transfer & Storage Company, Par. 4, alleged: "This movant further shows that the following cases, together with the plaintiff have claims against the defendant: . . Mrs. Ed. Spicer Denny . . Case No.

203806, 203805." The marshal answered the rule alleging that the sums remaining in his hands after court costs and storage were subject to distribution to the parties named in paragraph 4 of the petition for rule nisi as their respective priorities shall appear and asked direction as to the distribution of the funds. On motion of the plaintiff in error the court purportedly *consolidated* her foreclosures with the trial of the case made by the petition for rule nisi. These two foreclosures were not really cases. They were final process. The marshal testified that the executions issued thereon were placed in his hands. *Both foreclosures and the executions issued thereon are parts of the record in this case.* The marshal's answer, his testimony, the order of the judge "consolidating" the cases, the presence of the foreclosure in the record, obviated the necessity of the introduction of the foreclosures and executions in evidence, in the absence of a traverse of the marshal's answer. When the cases were "consolidated," the record showed the foreclosure. The law presumes that the executions were issued, the marshal so testified, so pleaded and the record so shows. I do not see how, under these facts, the formal introduction of the plaintiff in error's foreclosures and executions could have added anything which would have been necessary for the court to settle the purely legal issues involved. The facts put the case in the category of those where it is held that in the absence of a traverse of the officer's answer, the facts alleged therein are taken as true. The marshal's answer was tantamount to a statement that he had designated executions in his hands, including the plaintiff in error's, and that is an allegation of fact which the court had to accept as true in the absence of a traverse of the marshal's answer. In this view it was the court's duty to examine the executions and determine their respective priorities. The fact that the marshal did not undertake to act as judge and decide on the questions of priorities himself did not render his statement in his answer, which must be necessarily implied to the effect that he held plaintiff's executions, any less a statement of fact which should have been taken as true by the court. If any other execution holder wanted to contest the validity of the plaintiff in error's execution he should have done so by intervention or equivalent method such as introducing evidence for such purpose without

objection. See *Read Phosphate Co.* v. *Weichselbaum Co.*, 1 *Ga. App.* 420 (58 S. E. 122); *Edwards* v. *Harris*, 7 *Ga. App.* 207 (66 S. E. 622); *Tumlin Company* v. *Watson*, 17 *Ga. App.* 462 (87 S. E. 691).

I am authorized to say that Townsend, J., concurs in this dissent.

MACINTYRE, P. J., concurring specially. The pleading in the case is composed of (1) the petition for the rule nisi, which included paragraph 4 thereof, which states that among the claimants for the fund are the plaintiff in error and the defendants in error; (2) the rule nisi; (3) the responses to the rules nisi, among which were those of the plaintiff in error and the defendants in error; and (4) the answer of the marshal of the court, who held the fund in question. The marshal's answer was as follows: "Respondent has in hand $750 as alleged in the rule, which sum is subject to the costs of the court and the cost of moving and storing due Cherry Transfer & Storage Company. The remainder of the said sum is then subject to distribution to the parties named in paragraph 4 of said petition for rule as their respective priorities shall appear. Respondent prays that the court determine the amount of cost due Cherry Transfer & Storage Company, and give direction as to the distribution of said funds." This response was signed by counsel for the marshal. There was no traverse of the marshal's answer and the statements of fact in such answer were conclusive and evidence could not be considered to refute them. *York* v. *Lowry*, 34 *Ga. App.* 389 (129 S. E. 793). The statements of fact made in the answer of the marshal were not sought to be disputed by the evidence in the case or otherwise. There was nothing in the evidence that refuted or attempted to refute the first sentence of the answer of the marshal. The evidence relative to the matter of storage and transportation went merely to the proper amount which the court should allow for it. The evidence did not attempt to deny or refute the statement of fact by the marshal in his answer that he had $750 in his hands for distribution and that the transportation and storage company was entitled to storage and transportation as a part of the costs of the case.

The second sentence of the marshal's answer merely stated

that after the costs of the case, including transportation and storage of the property in question, the remainder of said fund would be subject to distribution to the parties named in paragraph 4 of the petition for the rule nisi. Such paragraph 4 reads as follows: "This movant shows that the following cases, together with the plaintiff have claims against the defendant: C. L. Fain, . . Crystal Sugar and Coffee Co., . . Virginia Dare Company, . . Star Provision Company, . . Mrs. Ed Spicer Denny . ." This second sentence of the marshal's answer was not a statement of. fact or assertion as to liens, if any, of the parties named in such paragraph 4 or of their priority, but on the contrary was an assertion that the marshal wished the court to determine this matter of the existence of liens, if any, and their priority, and he was not assuming any responsibility for determining the fact of such priority of any of the liens, if any existed, of the parties named in said paragraph 4 of the petition for the rule nisi.

The third sentence of the answer of the marshal was not a statement of fact but merely a prayer "that the court determine the amount of the costs due Cherry Transfer & Storage Company and give direction as to the distribution of said funds."

Upon the hearing of the rule nisi, the plaintiff in error introduced no evidence in support of her response to the rule nisi. The defendants in error introduced evidence in support of their responses to the rule. The court awarded the fund to the defendants in error.

Therefore, the allowance of evidence to support the pleadings in the responses mentioned does not dispute anything in the answer of the marshal and does not violate the rule: "Until traversed, the answer of a sheriff [marshal] is to be accepted as true, and is conclusive as to all matters therein contained, and evidence will not be heard to dispute it." *Read Phosphate Company* v. *Weichselbaum Company*, 1 *Ga. App.* 420; *Tumlin Co.* v. *Watson*, 17 *Ga. App.* 462; *York* v. *Lowry*, 34 *Ga. App.* 389. I, therefore, concur in the result of the majority opinion.